STATE v. FRANKLIN–LIBERTY REALTY CO., Inc.

No. 17243.

Court of Appeal of Louisiana. Orleans.

Feb. 10, 1941.

Rehearing Denied March 10, 1941.
Writ of Certiorari Granted April 28, 1941.

Eugene Stanley, Atty. Gen., E. L. Richardson and Cicero Sessions, Asst. Attys. Gen., John B. Smullin, of Baton Rouge, and McCloskey & Moore and Albert S. Rose, all of New Orleans, Attys., Department of Revenue, for appellant.

Monroe & Lemann, of New Orleans (Robert G. Polack, of New Orleans, of counsel), for appellee.

McCALEB, Judge.

The State of Louisiana, by authority of Act 14 of the Second Extra Session of the Legislature of 1935, instituted a summary proceeding or rule against the defendant corporation for the recovery of franchise taxes, penalties and attorneys' fees alleged to be due for the years 1936 and 1938 under the provisions of Act 8 of 1932, as amended by Act 18 of 1934, Act 25 of the Extra Session of 1934 and Act 10 of the First Extra Session of 1935 generally referred to as the "Franchise Tax Statutes".

In answer to the rule, the corporation resisted liability, with respect to the taxes claimed for the year 1936, on the ground that its capital stock had been reduced and that all of the taxes due the State for 1936 on the basis of its reduced capitalization had been paid. The corporation also denied responsibility for the franchise tax alleged to be due for the year 1938 on the ground that all of its assets had been acquired prior to 1938 by an eleemosynary corporation known as the Institute of Mental Hygiene of the City of New Orleans; that its income for that year was devoted solely to charitable use and that it was therefore exempt from payment of a franchise tax by virtue of the provisions of Section 3 of Act 10 of the First Extra Session of 1935.

After a trial of the matter on the issues thus presented, the district judge maintained the claim of the State for the taxes for 1936 but rejected its demand for the taxes alleged to be due for the year 1938.

The State has appealed from that portion of the judgment of the district court which denies its claim for a franchise tax for the year 1938. The defendant corporation has not appealed from the judgment against it for taxes due during 1936 and therefore the question presented for our determination is limited to the State's right to recover from the defendant a franchise tax for the year 1938.

The facts of the case are not disputed and we find them to be as follows: Mr. Samuel Zemurray, a well-known philanthropist of New Orleans, having become interested in mental diseases, decided during the year 1937 that he would organize an institute of mental hygiene in the City of New Orleans to provide for the treatment of unfortunate persons who had become afflicted with mental illnesses. To this end, he donated to the City of New Orleans 5,000 shares of common stock owned by him in the United Fruit Company with the understanding that the City of New Orleans would use the proceeds of the sale of the stock to purchase all of the outstanding stock in the defendant corporation, a concern organized for profit and engaged in the business of owning and developing real estate and other income-producing property in New Orleans. Simultaneously with the acquisition of the stock of the defendant corporation by the City of New Orleans, it was contemplated that a nontrading eleemosynary corporation named Institute of Mental Hygiene would be created; that the defendant corporation would be dissolved and that all of its real estate would be transferred to the nontrading institution. These purposes were fully stated in the act of donation between the City of New Orleans and Mr.

Zemurray, which was passed on August 25, 1937, and, in accordance therewith, the City, by separate contract made with the lawful agents of the defendant, agreed to purchase all of the outstanding stock in the company for the sum of $287,500 cash to be paid on or before October 1, 1937.

When the time came for the City of New Orleans to exercise its option to purchase the stock of the defendant corporation, it was unable to do so because the stock of the United Fruit Company, which had been donated to the City of New Orleans by Mr. Zemurray under the agreement above referred to, had declined in value and the proceeds, in the event of its sale at that time, would not have been sufficient to pay to the defendant company the full purchase price agreed upon. Under the circumstances presented, Mr. Zemurray advised against the sale of the United Fruit Company stock and agreed with the City to advance sufficient funds (separate and apart from his donation) to take up the City's option for the purchase of the stock in the defendant corporation and the City in turn agreed to reimburse Mr. Zemurray for his advance out of the proceeds of the sale of the United Fruit Company stock as soon as that stock had appreciated in value so that the price derived from its sale would be adequate. Acting on this agreement with the City, Mr. Zemurray purchased the stock of the defendant corporation in October 1937. Later in December 1937, the nontrading corporation, named the Institute of Mental Hygiene, was formed and since the date of its organization it has received the entire income of the defendant company's business.

It appears from the record that, at the time of the trial (June 2, 1939), the City had not yet acquired the stock of the defendant corporation from Mr. Zemurray and that the latter, during the year 1938, was the record owner of all of the stock in the company. It is shown, however, that, during that year, the entire income of the defendant corporation was turned over to, and devoted solely to the maintenance of, the nontrading corporation known as the Institute of Mental Hygiene.

It is contended by counsel for the defendant that, under the facts here presented, the corporation is entitled to be declared exempt from the payment of the franchise tax, for which it would ordinarily be liable as a business corporation organized for profit. In support of the proposition, counsel point with confidence to the provisions of Section 3 of Act 10 of the First Extra Session of 1935 and maintain that, since the income of the defendant corporation was devoted exclusively to an eleemosynary purpose, no tax is due either under the letter or the spirit of the law.

It is our opinion that the contention is not tenable. The franchise tax is levied on a corporation "for the privilege of carrying on, doing business, or the continuance of its charter within this State, * * *". See Section 1, Paragraph 4 of Act 10 of the First Extra Session of 1935. Section 3 of the statute, upon which the defendant depends for the claimed exemption, provides as follows: "None of the provisions of this Act shall apply to building and loan, homestead, fraternal, benevolent, eleemosynary, religious or educational corporations not operating for profit, nor to banking or insurance corporations."

The defendant is not one of the organizations enumerated in the above-quoted section and the mere fact that its income, since the time Mr. Zemurray acquired ownership of the stock, has been used for eleemosynary purposes does not change the character of its operations so as to bring it within the class of corporations which are exempt from the payment of the tax. On the contrary, as long as it continues its charter, through which it has acquired the right to do business, the State may exact from it a tax on its franchise.

Counsel for the defendant also assert that to permit the State to recover the tax would accomplish a violation of Article X, section 4 (1) of the Constitution of 1921, which exempts all public property from taxation. This argument is founded on the theory that, if the tax is paid, it must necessarily be disbursed out of funds belonging to the City of New Orleans since the City is, in truth and in fact, the owner of the corporation.

This proposition must be rejected. In the first place, the record shows that Mr. Zemurray, and not the City of New Orleans, was the owner of the stock in the corporation during the year 1938. Moreover, even if the City had been the owner of the stock, the contention could not be maintained because the tax sought to be

recovered is not levied on the stock of the company but on the privilege of the defendant corporation to carry on its business.

For the reasons assigned, the judgment, in so far as it rejects the demand of the State for franchise taxes for 1938, is annulled, avoided and reversed and it is now ordered, adjudged and decreed that there be judgment in favor of the State of Louisiana, condemning the defendant, Franklin-Liberty Realty Company, Inc., to pay to the Secretary of State corporation franchise taxes for the year 1938 in the sum of $623.76 with 20 per cent. statutory penalty thereon and 10 per cent. attorneys' fees on said taxes and penalty, and all costs, and that the lien and privilege of the State be recognized and enforced.

Reversed.