*1046
 
 O’NIELL, Chief Justice.
 

 The State is suing the Franklin-Liberty Realty Company for the franchise tax for the year 1938, levied by Act 10 of the First Extra Session of the Legislature of 1935. The defendant is claiming the exemption allowed to eleemosynary corporations by the 3rd section of the act. The judge in the civil district court decided that the defendant was entitled to the exemption; but the court of appeal reversed the decision. State v. Franklin-Liberty Realty Company, La.App., 200 So. 189. The case is here on a writ of review.
 

 There is no dispute about the facts of the case. In August, 1937, Mr. Samuel Zemurray, a philanthropist in New Orleans, gave the city 5,000 shares of stock in the United Fruit Company, with the understanding that the city should sell the stock and use the proceeds for the establishment of a charitable institution to be devoted to mental hygiene. The plan stipulated in the donation was that with the proceeds of the sale of the 5,000 shares of stock the city would buy all of the capital stock in the Franklin-Liberty Realty Company, and dissolve the corporation and transfer its real estate to the eleemosynary institution to be organized under the name Institute of Mental Hygiene. The Franklin-Liberty Realty Company was a corporation organized for profit and engaged in the business of buying and developing real estate and collecting the rents and revenues therefrom. The city, immediately upon receiving the donation from Mr. Zemurray, obtained an option from the stockholders of the Franklin-Liberty Realty Company to buy their stock in the company for $287,500 on or before October 1, 1937'. But when the time came to make the purchase the-value of the 5,000 shares of stock in the United Fruit Company had declined so that it was not worth $287,500. Mr. Zemurray, therefore, having faith in the United Fruit Company stocky offered to advance the city the $287,500, with the understanding that he would be reimbursed out of the proceeds of the sale of the stock whenever he would deem it advisable for the city to sell it. With that intention Mr. Zemurray, on or about the 1st day of October, 1937, bought all of the' stock in the Franjklin-Liberty Realty Company, taking the title in his own name but for account of the city and for the purpose of carrying out the plan which had been agreed upon. The Institute of Mental Hygiene was incorporated in December, 1937, as a charitable or eleemosynary in7 stitution, and, from that time until the time of the trial of this case, received and devoted to its charitable purposes all of the income of the Franklin-Liberty Realty Company. All of the capital stock in that company was held by Mr. Zemurray under his agreement with the city throughout the year 1938, and in fact the stock was yet so held on the date of the trial of this case.
 

 The decision rendered by the court of appeal is correct. The defendant’s claim for exemption or immunity from the franchise tax for the year 1938 is founded up7 on the fact that all of the defendant’s rev7 emies in that year went to the Institute of
 
 *1048
 
 Mental Hygiene, which was exempt from the franchise tax. But the defendant’s claim is not well founded in law, because the defendant was not itself an eleemosynary or charitable institution, but was incorporated for the purpose of conducting a business for profit. The corporation franchise tax is defined in subsection (4) of section 1 of the statute as “a tax for the privilege of carrying on, doing business, or the continuance of its [the corporation’s] charter within this State”. Although the Franklin-Liberty Realty Company did no business for profit in 1938, in the sense that all of its income in that year went to the Institute of Mental^ Hygiene, ■ nevertheless the Franklin-Liberty Realty Company throughout the year 1938 enjoyed the privilege of doing business for its own benefit and advantage; and it is for that privilege that the corporation franchise tax is levied.
 

 The defendant pleads also that under section 4 of Article 10 of the Constitution all public property is exempt from taxation. It is argued that all of the stock in. the Franklin-Liberty Realty Company ■was public property, belonging to the City of New Orleans in 1938, notwithstanding the title to the stock was held in the name of Mr. Zemurray. The city did not own the stock in the Franklin-Liberty Realty Company in 1938 but continued throughout the year to own the 5,000 shares of stock in the United Fruit Company. Besides, the tax which the State is claiming is not an ad valorem tax on the capital stock of a corporation; it is a franchise tax on the privilege of the corporation of continuing its corporate existence.
 

 The judgment of the court of appeal is affirmed.
 

 McCALEB, J., recused.