FRUGÉ, Judge.
This is an appeal from a judgment maintaining defendant’s exception of no cause of action and dismissing plaintiff’s suit at his cost. Certain property in the City of Alexandria was sold at tax sale to plaintiff. Later, by virtue of LSA-R.S. 47 :- 1991, the tax sale was cancelled. The basis for obtaining the cancellation was that the property was “public property,” by dedication, and could not be assessed and therefore could not be sold for non-payment of taxes. There is no question that if the property was in fact public property or used for public purposes then it could neither be assessed nor sold. See Gachet v. City of New Orleans, 52 La.Ann. 813, 27 So. 348; and Cordill v. Quaker Realty Co., 130 La. 933, 58 So. 819.
The trial judge, in his written reasons for judgment, narrated the facts and pleadings in a concise manner. We deem it appropriate to adopt same for our purposes.
“Alleging himself to be the owner of certain real property in Rapides Parish acquired at tax sale, plaintiff brought this action against Brothers Realty Company, a partnership, and its members, Ike and Morris Schwartz-berg. The cause of action is set forth in the petition as follows:
“‘3.
" 'That defendants, through their attorney, caused a directive or an order to issue directing the Clerk of Conveyances of Rapides Parish, Louisiana, to cancel the tax deed conveyance whereby title to this property was conveyed to petitioner in Conveyance Book 422, page 311, which said order was issued by William J. Dodd, and a certified copy of which is attached and made a part hereof.
«<4_
“ 'That the order or directive which was issued by the said William J. Dodd was upon affidavit or application of attorney for defendants and was purported to be upon authority of the provisions of R.S. 47:1991 upon the unfounded allegations that said property was erroneously assessed for the year 1952; a copy of which affidavit is hereto attached and made a part hereof.
“ ‘5.
“ ‘Petitioner alleges that Brothers Realty Company, Ike J. Schwartzberg and Morris L. Schwartzberg, partners thereof were the owners of this property prior to the acquisition of same by petitioner; and that said property was correctly, properly and legally assessed to the said Brothers Realty Company on the tax rolls of Rapides Parish, Louisiana, for the year 1952.
“ ‘6.
“ ‘That the cancellation of said tax deed to petitioner on order or directive from William J. Dodd, or on any authority, was improper, illegal, null and void; and that said order should be cancelled, set aside and that the cancellation recorded in Conveyance Book 529, page 421, be ordered erased from the records of this parish.

“ ‘Petitioner further shows that said cancellation of said tax deed to petitioner, on order or directive of William J. Dodd, was null, void and of no effect because said action was contrary to and violative of the provisions of Article 1, Section 2, of the Constitution of Louisiana for the year 1921 as amended, as well as the provisions of the Constitution of the United States of America, and particularly, petitioner alleges that the action is violative of Amendment No. V, and Amendment No. XIV in that by such action defendants seek to deprive petitioner of his property without due process of law, which action petitioner alleges is *758 illegal, null and void and unconstitutional.’
“The relief prayed for is judgment annulling and cancelling the instrument cancelling the tax sale, and further recognizing plaintiff to be the owner of the subject property.
“In response to these pleadings, the defendants filed exceptions of vagueness, misjoinder of parties defendant, non-joinder of parties defendant, and no cause or right of action. After hearing all of said exceptions were over-ruled save that of non-joinder, which was sustained with the right reserved to plaintiff to amend his pleadings so as to join as defendants other parties who presently have record title to the property.
“Pursuant to the permissive order of Court, plaintiff filed an amending and supplemental petition joining as additional parties defendants the City of Alexandria and one James Grady La-nier, and alleging:
“ ‘5.
“ ‘That by notarial act dated August 20, 1950, and recorded September 8, 1950, in Book 397, page 84, Conveyance Records of Rapides Parish, Louisiana, the said Ike J. Schwartzberg purportedly granted, on behalf of Brothers Realty Company, Inc., to the City of Alexandria, Louisiana, a servitude on, over and across said property, as set forth in certified copy of said act annexed hereto and made a part hereof.’
“Additionally, it is alleged that on October 29, 1954, by instrument styled ‘Exchange of Real Estate’, the partnership Brothers Realty Company conveyed to the City of Alexandria all ‘rights, titles and interests’ they had in and to Lot 16 of the subject property, and the City of Alexandria conveyed to the said partnership all of its
“rights, titles and interests’ in and to the remainder of the property here in litigation, being Lots 14 and 15; that on June 6, 1958, Brothers Realty Company sold said lots 14 and 15 to defendant James Grady Lanier, that the value of each of the three involved lots is $5,000.00.
“In the prayer of the supplemental and amending petition it is prayed, in the alternative to the relief originally sought, that plaintiff have judgment in the sum of $15,000.00 against Brothers Realty Company and the individual members composing it.
“In response to this second pleading the defendants have filed a motion to dismiss the supplemental and amending petition, and certain exceptions. These matters have been submitted and are now to be adjudicated.
“Motion to Dismiss
“It is plead and argued that the motion is good because plaintiff ‘has not obtained leave of Court as provided by Article 419 of the Code of Practice,’ and that the new pleadings alter ‘the substance of petitioner’s original demand.’
“It is true that plaintiff did not prior to filing the supplemental and amending petition obtain the customary written order authorizing the filing. However, the Court, in its original ruling expressly reserved to plaintiff the right to supplement and amend his petition in order to join as parties defendant the parties now having record title to the disputed property. This express authorization was sufficient and it would have been pure redundancy to issue another order to the same effect. The other branch of the motion, however, appears to have merit because the substance of the original demand has been altered by the prayer for a monetary judgment. It will not be necessary to make a definite ruling in this *759 connection because of the conclusions to be hereinafter stated.
“Exceptions of no cause or right of action filed by Brothers Realty Co., Morris Schwartzberg, Ike Schwartz-berg and city of Alexandria.
“Here attention is focused upon the document labeled ‘Servitude for Public Improvements’. It was executed on August 30, 1950, recorded September 8, 1950, and reads in part as follows:
“ ‘Know all men by these presents, that Brothers Realty Company, Inc. — • does hereby grant to the City of Alexandria an easement or servitude on, over and across Lots 14, 15 and 16 of Square A of Brothers Realty Company Subdivision of Nutley Grove * * *.
“ 'This servitude and easement is granted for the purpose of permitting the City of Alexandria to install and operate thereon various public utilities including sewer lift stations, transformer stations, gas stations and the use of said property for recreation purposes. The City is to have exclusive possession and control of said property while it is being used for said purposes, it being understood by the parties that said Lots shall not be used for any other purpose and that upon abandonment by the City of said uses the property shall revert to the grantors.’
“On September 6, 1950, the City Engineer of the City of Alexandria wrote to Trent L. James, Assessor of Rapides Parish, advising him of the foregoing instrument and requesting the removal of the property from the tax rolls ‘inasmuch as the property is to be used for public conveniences’. Nevertheless, the property was assessed to Brothers Realty Company for 1952 taxes and sold at tax sale to plaintiff in 1953.
“The burden of plaintiff’s argument, and indeed the heart of his case, is stated thusly: ‘A servitude only having been granted the City of Alexandria, the naked title was subject to taxation, and subject to lawfully be sold for the unpaid taxes assessed against the property’, citing New Orleans Cotton Exchange vs. Board of Assessors, 37 Ann. 423, and State vs. Franklin-Liberty Realty Co. [198 La. 1043], 5 So.2d 329.
“Accordingly, the real question presented is did the subject property, by reason of the ‘Servitude for Public Improvements’, become ‘Public property’ and thereby exempt from taxation under the provisions of Article X, Section 4, of the Constitution of the State of Louisiana.
:j« He * ‡ * *
“Plaintiff has raised no allegation attacking the validity of the ‘servitude for public improvements’, nor has he plead any abandonment of the declared public use of the property prior to the tax sale to himself.”
In determining the correctness of the judgment maintaining the exception of no cause of action we are controlled by the well-settled law that an exception of no cause of action addresses itself to the sufficiency in law of the petition and the exhibits attached thereto. This exception is triable entirely on the face of the papers and all well-pleaded allegations of fact contained in the petition must be accepted as true. See Johnston v. City of New Orleans, 234 La. 697, 101 So.2d 216, and cases therein cited. Therefore, if the “Servitude for Public Improvements”, which is a part of the pleadings, was a “dedication” then plaintiff has no cause of action.
We are in agreement with the fundamental principles of dedications that the most definite form of dedication is by a deed setting forth the exact purposes for which the land is conveyed, and a record thereof, together with a plat of the property. The deed may be made to a designated grantee and convey in tiust for the *760 public either the fee or an easement, or may be for a designated purpose, without any grantee. See Johnston v. City of New Orleans, supra, and cases therein cited. It is also true that no particular form of deed, or deed at all, is necessary for the dedication of land to the public; it suffices that the owner permits the land to be used by the public with the intention of making the dedication. Dedications to public use, and servitudes in favor of the public, are not governed by the strict rules which apply to private property; the visible signs of dedication and open use of the property by the public supply the place of both title and registry. See Anderson v. Thomas, 166 La. 512, 117 So. 573, and cases cited therein. There is no sacramental form to be followed in dedicating property to public use in order that the dedication be effective. See LaSalle Realty Co. v. City of New Orleans, 169 La. 1035, 126 So. 545. Furthermore, it is not necessary that title be in the public, see Warren County, Mississippi v. Hester, 219 La. 763, 54 So.2d 12; nor is it necessary that the word “dedicate” be used as it is not decisive of the character of the conveyance of the property to the city. See City of Newport v. Sisson, 51 R.I. 481, 155 A. 576.
The trial judge found that the entire surface of the property had been granted and therefore there was nothing left to the grantor to be subject to taxation. The record discloses that the City of Alexandria considered that the property was not taxable as evidenced by a request by the City Engineer to the Tax Assessor to remove the property from the tax rolls. The fact that the Assessor did not comply with the request is of no moment so far as this exception is concerned.
Plaintiff relies primarily on the case of State v. Franklin-Liberty Realty Co., 198 La. 1043, 5 So.2d 329; and that of New Orleans Cotton Exchange v. Board of Assessors, 37 La.Ann. 423. In the Franklin-Liberty Realty Co. case a corporate franchise tax was involved and not an ad va-lorem tax. Furthermore, a realty company was the record owner and not the city, and said realty company was not exempted from paying taxes. Thus the case is inapplicable here. The New Orleans Cotton Exchange case is also inapplicable. The Cotton Exchange Building was assessed (since it was not tax exempt) and also a strip of land adjacent to and adjoining the Exchange Building which the Exchange owned. There it was argued that the strip of land was an open thoroughfare in constant and general use by the public, and therefore not taxable. It was held that although the strip was burdened with perpetual servitude, nevertheless, the strip had not ceased to belong to the Exchange, nor was it dedicated to public use, and it could be alienated by the Exchange, and was taxable. The perpetual servitude was the result of a compromise arising from litigation and it was in favor of the adjoining estate. The servitude in the case at bar was in favor of the City of Alexandria for its use for recreational purposes and to install thereon certain public utilities and the City was to have exclusive possession and control of said property while being used for said purposes.
From the foregoing it can readily be seen that the document in question, i. e. the “Servitude for Public Improvements”, was in fact a dedication to the City of Alexandria for public purposes. For that reason the property was not taxable, and the act of the Assessor in assessing and having the property sold for non-payment of taxes was null and void. See Gachet v. City of New Orleans, supra, and Cordill v. Quaker Realty Co., supra.
For the foregoing reasons the judgment of the trial court sustaining the exception of no cause of action and dismissing plaintiff’s suit at his cost is affirmed. Appellant to pay costs of this appeal.
Affirmed.
On Application for Rehearing.
Rehearing denied, en Banc.