Dear Mr. Adkins:
On behalf of the Caddo Parish Tax Assessor, you requested the opinion of this office as to whether a particular taxpayer is entitled to have a separate assessment of a non-commercial portion of a single tract of land. You also requested the opinion of this office as to whether or not such non-commercial portion of the tract would be exempt from ad valorem taxation as "public land" due to the existence of these two servitudes.
As stated in your letter, the taxpayer owns a tract of land located in Caddo Parish, Louisiana. Located on a portion of this property is a used car dealership. The remainder of the tract of land is simply an undeveloped grassy area which is burdened by a servitude of use in favor of the State of Louisiana for maintenance of East Kings Highway located in Shreveport, Louisiana, and by an additional levee servitude that runs through the middle of the property. The property is assessed as a single tract of land. The entire tract is assessed based on the value of that portion which is being used for commercial purposes, with no value being assessed to the property burdened by the servitudes. The taxpayer contends that the property is "public land" and is exempt from ad valorem taxation because of the existence of the two servitudes.
Your first question addresses whether the taxpayer is entitled to a separate assessment of the non-commercial portion of this tract of land. It is our understanding that the tract of land has not been subdivided into separate parcels, lots or tracts. Based on R.S. 47:1958(D), it is the opinion of this office that a taxpayer is not entitled to a separate assessment of a portion of a single tract or parcel of land. R.S. 47:1958(D) provides:
 D. It shall be sufficient to assess and describe all property according to a description that will reasonably identify the property assessed, such as: designating the tract or lot by the name by which it is commonly known, or by the number or letter by which it may be usually designated upon the regular assessment rolls, or upon an official or private plan or sketch; or by giving the boundaries or the name of the owners upon each side; or by the dimensions or description or name given in the act translating the ownership thereof; or by such other further description as may furnish the means of reasonable identification.
R.S. 47:1958(D) refers to each "tract" or "lot". There is no reference in the statute to the assessment of a portion, division, fragment, segment or piece of a tract or lot. Nor can we find any statute requiring an assessor to assess a portion of a single tract of land separate from any other portion of that same tract of land. Thus, we can find nowhere in the laws or jurisprudence where a taxpayer is entitled to such a bifurcated assessment.
Your second inquiry asks whether the existence of the maintenance and levee servitudes entitles the taxpayer to claim the property as exempt from taxation as "public land." It is the opinion of this office that the mere existence of these servitudes does not transform the tract into "public land".
R.S. 47:1951 provides that all property situated within the state, except such as is expressly exempted from taxation by law, shall be subject to taxation on the basis of the assessed valuation thereof.
Article 7, § 21(A) of the Louisiana Constitution of 1974 states that in addition to the homestead exemption provided for in the Constitution, the following property and no other shall be exempt from ad valorem taxation:
(A) Public lands; other public property used for public purposes.
The provision in the Constitution regarding the exemption of "public lands" is also found in earlier Constitutions of the State. See e.g. the Louisiana Constitution of 1921, Art. 10, § 4 and Louisiana Constitution of 1879, Arts. 207 and 212. Therefore, earlier jurisprudence and Attorney General opinions are relevant to this consideration.
With respect to a levee servitude, a 1931 Attorney General opinion stated that only property in the name of a Levee Board would be exempt from taxation. Property retained by the donor would be assessed and taxed for the reason that the Constitution prohibits exemption from taxation of all property except that specifically named in the Constitution. See Op. Atty. Gen. 1930-32, p. 609.
Whether a landowner who granted a servitude to the State during the construction of a highway was exempt from paying ad valorem taxes on the property subject to the servitude was addressed in a 1983 Attorney General's opinion. See Op. Atty. Gen. No. 83-843. The opinion notes that there is no specific exemption in Art. 7, § 21 of the Constitution for property subject to a servitude and therefore, the property should be assessed in the name of the record owner who is liable for the taxes. The opinion also points out that in determining the assessed value of the property, consideration may be given to the servitude and its effect on the value of the land.
Also pertinent to this consideration is the case of New Orleans Cotton Exchange v. Board of Assessors, 37 La. Ann. 423 (1885). In New Orleans Cotton Exchange, the Cotton Exchange Building and a strip of land adjacent to and adjoining the Exchange Building which the Exchange owned, was assessed with ad valorem taxes. It was argued that the strip of land was an open thoroughfare in constant and general use by the public and was, therefore, not taxable. The court held that although the land was burdened with a perpetual servitude in favor of an adjoining estate, the strip was subject to ad valorem taxation as the strip had not ceased to belong to the Exchange, it was not dedicated to public use, and it could be alienated by the Exchange.
It is our opinion that the case of Joyce v. Brothers Realty Company, 127 So.2d 756 (La.App. 3rd Cir. 1962), cited to the assessor by the taxpayer in support of his claim that his property was "public land", is distinguishable from the present situation. In Joyce, the City of Alexandria was granted a servitude for recreational purposes over the entirety of three adjoining lots of land. The City was given "exclusive possession and control of said property while it was being used for said purposes, it being understood by the parties that said Lots shall not be used for any other purpose and that upon abandonment by the City of said uses the property shall revert to the grantors". Joyce, 127 So.2d at p. 759 (emphasis supplied).
In this situation as presented, the State of Louisiana does not have exclusive possession and control of the taxpayer's property. It is our understanding that the servitude simply allows for the construction and maintenance of the highway and does not encompass the entirety of the land. Thus, the taxpayer's position is not the same as the plaintiff in Joyce.
Trusting that this adequately responds to your request, I remain,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ELIZABETH K. HARRIS Assistant Attorney General
RPI:EKH:jv