The **TRAVELERS INSURANCE COMPANY, Appellant,**

v.

Barbara Hardy **GILLILAND, Appellee.**

No. 6091.

Court of Civil Appeals of Texas, El Paso.

Oct. 21, 1970.

Rehearing Denied Nov. 18, 1970.

Kerr, Fitz-Gerald & Kerr, Midland (of counsel), L. Lloyd MacDonald, Midland, for appellant.

William B. Smith, Robert L. Monaghan, Midland, for appellee.

## OPINION

PRESLAR, Justice.

This is a Workmen's Compensation case in which judgment was granted appellee for maximum death benefits based on jury findings that appellee's son was an employee of Mooney Southwest, Inc. We are of the opinion that the case must be reversed and remanded for another trial. Involved in this opinion are discussions as to the definition of "employee" and wage rate issues. No extended statement of facts is necessary because of the nature of the questions presented. The deceased, Frank Gilliland, was killed in the crash of an airplane on January 23, 1967, near Midland, Texas, while instructing students to fly. He had been engaged in such instructing some two weeks.

Under its points of error one through five, appellant contends that, under the definition of "employee" as given in the court's charge, the jury was erroneously instructed as to its meaning. The points asserted were preserved by objection to the court's charge and the proffer of a definition in statutory language.

Following the issue of whether the deceased was an employee of Mooney Southwest, Inc. on the date of the crash, the court gave the following definition.

"You are instructed that the term 'employee' as used in this charge is defined to mean a person in the service of another under written or oral or expressed or implied agreement on the date of the accident whereby the employer retains supervision, direction or control or has the right to exercise supervision, direction or control over the means used and details of its accomplishment. Ordinarily an employee may rightfully discontinue the working relationship or he may be discharged by the employer for unskillfulness, neglect of duty, or other cause. In order to be an employee it is not essential that he be on the payroll of the employer or be paid wages. He may receive compensation by way of commissions."

We think the definition was too broad in that it did not require appellee to meet the burden of bringing herself within the provisions of the Workmen's Compensation Act. Section 1 of Article 8309, Revised Civil Statutes of Texas, 1925, defines an employee as meaning " * * * every person in the service of another under any contract of hire, expressed or implied, oral or written * * *". As our courts have stated often, the right of a claimant to recover workmen's compensation does not rest at all upon the common law, but upon the statutes alone, which both create and measure the right. Oilmen's Reciprocal Ass'n v. Franklin, 116 Tex. 59, 286 S.W. 195; Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084. The burden of proof was on this claimant to show that at the time of the fatal injury to her son he was an employee within the meaning of the Workmen's Compensation Act. Anchor Casualty Company v. Hartsfield, 390 S.W. 2d 469 (Tex.1965). Our courts have approved many charges where the statutory definition of "employee" was given, but we are cited to no case, and we have found none, approving a definition that did not contain the phrase "contract of hire." Sub-

## 502

stitution of the word "argeement" for "contract of hire" broadens the sphere in which the jury could find one to be an employee. Under the definition given in this case, a volunteer working without remuneration could be found to be an employee; yet our courts have uniformly held that remuneration is a necessary element in a contract of hire under our Workmen's Compensation Act. Associated Employers Lloyds v. Gibson, 245 S.W.2d 738 (Tex.Civ.App.); State v. Kenyon, Inc., Tex.Civ.App., 153 S.W.2d 195, writ refused; Nobles v. Texas Indemnity Ins. Co., 24 S.W.2d 367 (Tex.Comm. App.). The statute saying forcefully, " 'employee' shall mean every person in the service of another under any contract of hire * * *", we are of the opinion that the departure from such definition by the one given allowed the plaintiff to prevail under a lesser burden than required by the Act. The definition is also erroneous under the express holding of the late case of Continental Insurance Company v. Clark, 450 S.W.2d 684, Ref. n. r. e. (Tex.Civ.App., Tyler 1970). In an exhaustive review of the cases, it was held that the following definition was erroneous:

> "You are instructed that 'EMPLOYEE' is a person in the service of another under contract of hire, expressed or implied, oral or written, whereby the master retains or exercises (or has the right to exercise) the right of control in directing, not merely the end sought to be accomplished, but also the means and details of its accomplishment, not merely what shall be done, but how it shall be done."

The holding was that in determining whether the employer-employee relationship exists, the test is the right of control, not the exercise of control, and the issue as submitted allowed the jury to answer the issue under an improper standard, i. e., mere exercise of control rather than right of control, and thus permitted the plaintiff to prevail under a lesser burden of proof than required by law. So it is in the case before us, for our definition also has that feature.

 We think there was error in the determination of the wage rate in that the recovery was allowed under subdivision (2) of section 1 of Article 8309. There being no evidence as to the earnings of another employee of the same class, subdivision (2) was inapplicable, and submission should have been under subdivision (3). The only witness as to wage rates testified that he knew of another employee of the same class, but that he did not know his rate of pay.

Other assignments, if error, will probably not occur on another trial, so there is no necessity to discuss them.

The judgment of the trial court is reversed and the cause remanded for another trial.