**GREYHOUND VAN LINES, INC., Appellant,**

v.

**Orman BELLAMY, Appellee.**

**No. 5291.**

Court of Civil Appeals of Texas, Waco.

Nov. 29, 1973.

Rehearing Denied Dec. 20, 1973.

Jackson, Walker, Winstead, Cantwell & Miller, John L. Lancaster, III, Bailey, Williams, Westfall & Henderson, Woodfin C. Henderson, Dallas, for appellant.

Grady, Johnson, Smith & Blakeley, Tom A. Blakeley, Jr., McCrea & Davis, Victor C. McCrea, Jr., Dallas, for appellee.

HALL, Justice.

The defendant, Greyhound Van Lines, Inc., appeals from a judgment rendered on a verdict awarding the plaintiff, Orman Bellamy, $110,000 for personal injuries caused by the alleged negligence of a truck driver, Dale E. Otterson, in the operation of a truck. We affirm.

The truck is owned by Victor M. Bostwick, whose business is in California. When plaintiff was injured, the truck was under written lease to Greyhound by Bostwick. On the day prior to plaintiff's injury, Otterson completed a trip from Richmond, Virginia, to a Greyhound warehouse in Fort Worth, where the truck was unloaded. He experienced braking difficulties with the truck on that trip. On the day of injury, he drove the truck to plaintiff's place of employment for the express purpose of brake repair.

In so far as important to this appeal, Greyhound defended this suit on the grounds that when plaintiff's cause of action arose Otterson was not its employee, but was Bostwick's employee or an independent contractor.

The jury found, in effect, that while plaintiff, a mechanic, was repairing the brakes of the truck, Otterson, in an attempt to assist in the repair, negligently started the truck in gear and thereby caused its wheels to strike plaintiff, inflicting serious injuries. Additionally, answering special issues numbered as follows, the jury (16) found "that at the time and on the occasion in question Otterson was engaged in the service of Greyhound in the furtherance of its business"; (18) found "that on the occasion in question Otterson was operating the van in furtherance of a mission for the benefit of Greyhound and subject to the control of Greyhound as to the details of the mission"; and (20) failed to find "that on the occasion in question Otterson was acting as an independent contractor with regard to Greyhound."

In eleven points of error, Greyhound asserts (1) there is no evidence to support the answers to special issues 16 and 18; (2) the answer to issue 20 is contrary to the undisputed evidence; (3) alternatively, the answers to those three issues are so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust; and (4) the court erred in overruling Greyhound's objections to issues 16 and 18 to the effect that the inquiries were not confined to the specific time of plaintiff's injury.

■ The evidence shows without dispute that the truck was operated upon the highways of Texas by virtue of a motor carrier permit issued to Greyhound by the Railroad Commission of Texas under the regu-

latory provisions of Article 911b, Vernon's Ann.Texas Civil Statutes. Bostwick and Otterson did not possess such permit. One holding such permit may not delegate to another the rights conferred by such permit and thereby release himself from liability to those injured by the negligence of the wrongfully delegated party. Berry v. Golden Light Coffee Company, 160 Tex. 128, 327 S.W.2d 436, 439 (1959); Emerson v. Park, (Tex.Civ.App., 1935, writ dism.) 84 S.W.2d 1100, 1102.

■■ The lease is a part of the record. It expressly granted to Greyhound the "exclusive possession, control and use" of the truck during the term of the lease. Otterson, the driver, was furnished with the truck by Bostwick, subject to Greyhound's approval, in accordance with the lease provisions. Under these facts, Greyhound's argument that its contractual right to *exclusive* possession, control and use of the truck did not embrace the right of supervision of the driver's use of the truck, including the securing and making of repairs by him, is faulty. Except for acts personally directed by the principal, the liability of the master under the doctrine of *respondeat superior* is founded upon an expressed or implied contractual arrangement which vests in him the right to control the details of the work by the servant. "Certainly if the right of control of details has a contractual basis, the circumstance that no actual control was exercised will not absolve the master of liability." Newspapers, Inc. v. Love, (Tex.Sup., 1964) 380 S.W.2d 582, 589.

■ The uncontradicted evidence shows that the truck in question is a tractor-trailer van-type vehicle used for commercial hauling by Greyhound. Article 6701c–1, Vernon's Texas Civil Statutes, prohibits the lessee of a commercial motor vehicle or truck-tractor from operating such vehicle over the public highways of this state unless the lease provides that the lessee shall have "full and complete control and supervision" over the operation of the vehicle. The provision in the lease granting Greyhound "exclusive possession, control and use" of the truck was an apparent attempt by Bostwick and Greyhound to comply with article 6701c–1. But, had they not so provided, the clause required by the statute would have been a part of their lease contract as a matter of law, and the rule in Newspapers, Inc. v. Love, supra, would still apply.

■ Moreover, article 6701c–1 was obviously enacted to eliminate any uncertainty that might otherwise exist as to who is responsible for wrongs inflicted upon the public at large through the operation on our state highways by lessees of the vehicles named in the statute. Independent of any other rule, it prohibits Greyhound under our record from now asserting that Otterson was not under its full and complete control and supervision at all pertinent times. Wardlow v. Newberry, (Tex.Civ. App., 1958, no writ hist.) 319 S.W.2d 437, 441.

For the reasons stated, Greyhound's points and contentions must be overruled. Apart from those reasons, a review of the whole record has convinced us that Greyhound's complaints about the answers to the special issues are without merit, and that the questioned wording of the issues does not present reversible error.

The judgment is affirmed.