**TEXAS EMPLOYERS INSURANCE ASSOCIATION, Appellant,**

v.

**Lucille BURRELL, Appellee.**

**No. 8009.**

Court of Civil Appeals of Texas, Beaumont.

Feb. 23, 1978.

Rehearing Denied March 30, 1978.

Kenzey D. Hallmark, Lufkin, for appellant.

Gilbert T. Adams, Jr., Beaumont, for appellee.

DIES, Chief Justice.

This is a workmen's compensation case wherein Lucille Burrell, plaintiff below, recovered death benefits for the death of her husband, Robert E. Burrell, against Texas Employers' Insurance Association (T.E.I.A.), defendant below, and from which the latter brings this appeal.

Defendant urges in its first two points that the jury's finding that the deceased, Robert E. Burrell, was an employee of his son, Robert C. Burrell, at the time of receiving his fatal injury is supported by no or insufficient evidence.

 In passing on a "no evidence" point we consider only the evidence and inferences therefrom which support the verdict and disregard all evidences and inferences to the contrary. *Garza v. Alviar,* 395 S.W.2d 821 (Tex.1965). An "insufficient evidence" point directs us to all the evidence, and we remand for a new trial only if the evidence is factually insufficient to support the finding of a vital fact. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951).

In our Texas Compensation Act "employee" is defined as "every person in the service of another under any contract of hire, express or implied, oral or written . .." *Tex.Rev.Civ.Stat.Ann. art. 8309 § 1* (1967).*

██ One who assumes a service in Texas of his own free will without any express or implied promise of remuneration is a "volunteer" and not an "employee." *Nobles v. Texas Indemnity Ins. Co.,* 24 S.W.2d 367 (Tex.Com.App.1930).

"The courts of Texas have uniformly recognized that remuneration is a necessary element in a contract of hire, in construing our Workmen's Compensation Act, Vernon's Ann.Civ.St. art. 8309, § 1, which defines 'employe' to include 'every person in the service of another under any contract of hire, expressed or implied, oral or written.' " (citing authorities) *State v. Kenyon, Inc.,* 153 S.W.2d 195, 197 (Tex. Civ.App.—Austin 1941, writ ref'd).

In *Associated Employers Lloyds v. Gibson,* 245 S.W.2d 738, 739 (Tex.Civ.App.—Eastland 1951, writ dism'd), the injured plaintiff testified to Cherry (the superintendent), "I could fix that if you want me to." Cherry replied, "O.K." The court said the record revealed the injured plaintiff's hope of reward for the proffered work was that the superintendent (Cherry) would give him a part-time job. Citing *Nobles,* supra, the court held this was insufficient to establish that plaintiff was an "employee" under the Act, and that remuneration is a necessary element in a contract of hire under the Act. The *Nobles* case, supra, has been cited by our Texas Supreme Court with approval. See *Shell Oil Co. v. Reinhart,* 375 S.W.2d 717, 719 (Tex.1964).

In *Travelers Insurance Co. v. Gilliland,* 459 S.W.2d 500 (Tex.Civ.App.—El Paso 1970, no writ), the court refused to approve a definition of employee where "agreement" was used rather than "contract of hire" saying, "Under the definition given in this case, a volunteer working without remuneration could be found to be an employee; yet our courts have uniformly held that remuneration is a necessary element in a contract of hire under our Workmen's Compensation Act." (at 502)

The deceased, Robert E. Burrell, age 58, worked forty hours a week for Atlantic Richfield Co. (Arco) in Silsbee, and had for a number of years. His son, Robert C. Burrell, was a logging contractor with Hart Stud Mill. The son had several employees, and it is undisputed these employees were covered under a policy of Workmen's Compensation issued by defendant, T.E.I.A.

██ For several years, it has been the practice of the deceased on his time off from Arco to work with the son and his son's employees in the woods. It is undis-

---

* The Texas Act does not recognize an employee by "appointment." See *Lawson v. Lawson,* 415 S.W.2d 313 (Mo.Civ.App.1967).

puted the father worked alongside the other employees. We have evidence this amounted to two or three days a week. He received no pay, but we have testimony the purpose was to have a job with his son waiting for him when he retired in four years. We also have evidence that the father took his directions from the son just as the other employees did, and that the son supplied gasoline, parts, and tires to the father. We believe this is some evidence of an employee relationship under the authorities above cited and overrule the "no evidence" point.

When we consider the entire record under the authority earlier herein, in addition to the fact the father worked without any agreement for compensation whatsoever, we find he (the father) could work, or not, when he desired; the son did not usually know his father was coming to the woods until the father showed up; the father did not have to work to earn a job with the son on retirement. The son would have provided him with one anyway; the son did not consider his father an "employee"; the father acquired no interest in his son's business because of the work, and his widow (plaintiff) did not regard her son as owing her anything.

▇ Under these circumstances, we believe the evidence is factually insufficient to establish that the father was the employee of the son, as that term has been construed by the cases above cited.

▇ We realize that remanding this case may accomplish nothing. However, the appellate court's duty to remand is absolute where there is some evidence, but it is insufficient to support the finding. *Logue v. Southern Kansas Ry. Co. of Texas,* 106 Tex. 445, 167 S.W. 805 (1914).

REVERSED and REMANDED.