Johnny DICKERSON, Appellant,

v.

I.N.A. OF TEXAS, Appellee.

No. 9399.

Court of Appeals of Texas,
Amarillo.

Sept. 24, 1982.

Jerry Paquin, Seminole, for appellant.

Crenshaw, Dupree & Milam, Cecil C. Kuhne, Lubbock, for appellee.

Before REYNOLDS, C.J., and COUNTISS and BOYD, JJ.

REYNOLDS, Chief Justice.

Johnny Dickerson appeals from a take-nothing summary judgment rendered in his action to recover workers' compensation benefits from I.N.A. of Texas as the compensation insurer for R.B. Goodloe Trucking. The judgment was rendered on the ground that Dickerson was not an employee under the terms of the Texas Workers' Compensation Act at the time he sustained the injury for which he sought the benefits. Dickerson seeks a reversal of the judgment on the sole contention that as a matter of law he was an employee of R.B. Goodloe Trucking. Disagreeing with the contention and concluding that I.N.A. established its entitlement to the summary judgment rendered, we overrule Dickerson's point of error and affirm.

Dickerson sustained an injury from an accident involving a truck he was operating. The truck was owned by Barton & Gray Trucking Co., a partnership composed of Tommy Barton and Frank Gray, and leased to R.B. Goodloe, who held a Texas Railroad Commission permit presumably under which the truck was being operated at the time of the accident. As material to the issue on appeal, the lease has a provision reading:

> Lessor [Barton & Gray Trucking Co.] hereby gives lessee [R.B. Goodloe] full power, control, supervision, and use of the above described equipment [the truck] in the manner as though lessee owned same during the term of this lease.

The lease was filed with the Texas Department of Public Safety as required by law. Tex.Rev.Civ.Stat.Ann. art. 6701c—1, § 2 (Vernon Supp.1982).

When Dickerson filed his compensation action against I.N.A., he alleged that he sustained accidental injuries in the course and scope of his employment as an employee of R.B. Goodloe Trucking. After answering, I.N.A. moved for summary judgment on the ground that at the time of his injury, Dickerson was not an employee under the terms of the Workers' Compensation Act, a ground of defense alleged in I.N.A.'s answer to Dickerson's pleaded cause of action. I.N.A. based its ground on the official record, particularly on Dickerson's deposition testimony which I.N.A. interprets as his admission that he was in the employ of Tommy Barton, and not in the employ of R.B. Goodloe Trucking, at the time the injury occurred.

Responding to the summary judgment motion, Dickerson filed an answer with attached affidavits, later supplemented by other affidavits. The gist of the answer, as Dickerson verified in one affidavit, was his understanding that by virtue of the Barton & Gray-Goodloe lease, he was an employee of R.B. Goodloe.

The trial court granted I.N.A.'s motion for summary judgment and decreed that Dickerson take nothing. Appealing, Dickerson contends that the court erred in holding that as a matter of law he was not an employee of R.B. Goodloe Trucking at the time he sustained the accidental injury.

At the outset, we observe that the summary judgment record has not been developed to identify R.B. Goodloe and R.B. Goodloe Trucking as a synonymy, or to establish that I.N.A. of Texas was, at the time of Dickerson's injury, the compensation insurance carrier for either R.B. Goodloe or R.B. Goodloe Trucking. However, these deficiencies are not addressed on appeal; rather, in their briefs the litigants have assumed that R.B. Goodloe and R.B. Goodloe Trucking are equivalent in meaning and that I.N.A. is the workers' compensation insurer for R.B. Goodloe Trucking. We accept the assumptions for the purpose of deciding the appellate issue and, for simplicity, refer to the assumed equivalency as Goodloe.

■ To be entitled to summary judgment, the movant has the burden of establishing that no material fact issue exists and that he is entitled to judgment as a matter of law. *Town North Nat. Bank v. Broaddus,* 569 S.W.2d 489, 494 (Tex.1978). Specifically, then, to meet Dickerson's pleaded action and merit the summary judgment on the ground expressly presented to the trial court, I.N.A. had to conclu-

sively prove that Dickerson was not an employee of Goodloe at the time Dickerson sustained the accidental injury. Tex.R.Civ. Pro. 166–A; *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex. 1979).

Under his point of error, Dickerson does not assert that his employee status is an unresolved material fact issue; instead, he argues that as a matter of law he was, and I.N.A. is estopped to deny that he was, an employee of Goodloe by virtue of the Barton & Gray-Goodloe lease. As a result, his appellate contention is simply that the ground I.N.A. expressly presented to the trial court is insufficient as a matter of law to support the summary judgment rendered. *Id.; Fisher v. Capp,* 597 S.W.2d 393, 397 (Tex.Civ.App.—Amarillo 1980, writ ref'd n.r.e.).

In connection with the appellate issue and as pertinent here, the Workers' Compensation Act provides that

"Employee" shall mean every person in the service of another under any contract of hire, expressed or implied, oral or written . . . .

Tex.Rev.Civ.Stat.Ann. art. 8309, § 1 (Vernon 1967). Under the definition, it is basic, if not determinate, that the worker is the employee of the one who has the right of control. *Anchor Casualty Company v. Hartsfield,* 390 S.W.2d 469, 471 (Tex.1965). Although it is the right of control, and not a specific exercise of control, by which the employee status is tested, where there is no express contract of employment or the terms of the employment are indefinite, evidence of the exercise of control, albeit evidentiary and not the supreme test, may be the best evidence available to show the actual terms of the contract. *Newspapers, Inc. v. Love,* 380 S.W.2d 582, 590 (Tex.1964). And, in construing the definition, the courts have uniformly recognized that remuneration is a necessary element in a contract of hire. *Texas Emp. Ins. Ass'n v. Burrell,* 564 S.W.2d 133, 134 (Tex.Civ.App.—Beaumont 1978, writ ref'd n.r.e.).

By his deposition, Dickerson testified that prior to the time of the accident, he hired out to Barton. He said Barton furnished the truck for him to drive and his instructions for the truck hauling trips. On one occasion, Barton, saying Dickerson was drunk, suspended him from driving the truck until Dickerson "was sobered up." Dickerson further testified that he was paid by Barton, usually in cash based on twenty-five percent of the gross load of the truck, and that he never received any pay from Goodloe. The testimony of Dickerson may be summarized by this excerpt from his deposition:

Q So is it your testimony, then, that on the day of the accident, July 26th, 1977, you were working for Tommy Barton?

A Yes.

Not only is the testimony unretracted, but Dickerson declared in his affidavit accompanying his answer to I.N.A.'s summary judgment motion that "I was paid by Mr. Barton and my activities were directed by Mr. Barton."

Although Dickerson's testimony of his contract of hire does not disclose an agreement for the right of control over him, his testimony, as well as his affidavit, does disclose that Barton alone exercised control over him. Dickerson's evidence, given by an interested witness, is clear and uncontroverted that only Barton exercised the normal employment controls of paying Dickerson, directing his activities and suspending him from his employment.

Our summary judgment practice provides that judgment "may be based on uncontroverted testimonial evidence of an interested witness . . . if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted." Tex.R.Civ.Pro. 166–A(c). Dickerson's testimonial evidence of the exercise of control by Barton alone comes within the ambit of the provision to establish his status as Barton's employee for workers' compensation purposes, thereby defeating his action to recover benefits as Goodloe's employee, unless, as Dickerson contends, the lease con-

tradicts that status by constituting him Goodloe's employee as a matter of law.

Even though the lease vests full control over the truck in Goodloe, it makes no provision for Dickerson, as operator of the truck, to become an employee of Goodloe for workers' compensation purposes. Dickerson's understanding that he was, by virtue of the lease, Goodloe's employee neither makes it so, *Insurors Indemnity & Insurance Company v. Pridgen,* 148 Tex. 219, 223 S.W.2d 217, 219 (1949), nor impeaches or discredits his otherwise clear, positive and direct testimonial evidence qualifying him as Barton's employee as defined in the Workers' Compensation Act.

Dickerson's status as Barton's employee under the Act is not altered either by the interaction of Article 911b, Texas Revised Civil Statutes Annotated (Vernon 1964; Vernon Supp.1982), with Article 6701c—1, *supra,* upon the lease, or by the authority of *Greyhound Van Lines, Inc. v. Bellamy,* 502 S.W.2d 586 (Tex.Civ.App.—Waco 1973, no writ), upon which Dickerson relies. Neither the statutes nor the cited case speaks to, much less prescribes, the leased vehicle driver's employee status under the provisions of the Act.

In the *Greyhound* case, the owner of a truck leased it to Greyhound, the holder of a Railroad Commission permit, and furnished the driver according to the provisions of the lease. The driver's negligent operation of the truck injured a member of the public. Greyhound contended that its right to exclusive possession, control and use of the truck under the lease did not embrace the right of supervision of the driver's use of the truck.

Faulting Greyhound's contention, the court stated that the holder of a permit issued by the Railroad Commission under the regulatory provisions of Article 911b may not delegate the rights under the permit to another and thereby escape liability to those injured by the negligence of the wrongfully delegated party. The court further commented that Article 6701c—1 prohibits the operation of certain leased commercial vehicles over the public highways unless there has been filed with the Department of Public Safety the lease, which must provide that the lessee shall have full and complete control and supervision over the operation of the leased vehicle. The latter statute, the court remarked, "was obviously enacted to eliminate any uncertainty that might otherwise exist as to who is responsible for wrongs inflicted upon the public at large through the operation on our state highways by lessees of the vehicles named in the statute. Independent of any other rule, it prohibits Greyhound under our record from now asserting that [the driver] was not under its full and complete control and supervision at all pertinent times." 502 S.W.2d at 587–88.

Here, however, the issue is not one of liability for a tort arising from the operation of the leased vehicle. Instead, the issue is whether I.N.A. conclusively established that Dickerson was not Goodloe's employee under the terms of the Texas Workers' Compensation Act at the time he sustained the accidental injury.

Under the summary judgment record before us, neither Dickerson's testimonial evidence nor the Barton & Gray-Goodloe lease specifies who had the right of control over Dickerson; rather, the record, as noted, reveals that the sole evidence of the right of control is Dickerson's clear and uncontroverted testimonial evidence that only Barton, not Goodloe, exercised the normal employment controls. The testimonial evidence is, by authority of Rule 166–A(c), sufficient as a matter of law to support the ground upon which the summary judgment was rendered since, contrary to Dickerson's position, the lease did not constitute him Goodloe's employee under the terms of the Workers' Compensation Act.

The summary judgment is affirmed.