Huey P. SCROGGINS, Appellant,

v.

TWIN CITY FIRE INSURANCE COMPANY, Appellee.

No. 08–82–00076–CV.

Court of Appeals of Texas, El Paso.

July 20, 1983.

Deborah Hibbard, Moore & Associates, P.C., Odessa, for appellant.

Jim Moseley, Shafer, Gilliland, Davis, McCollum & Ashley, Inc., Odessa, for appellee.

Before STEPHEN F. PRESLAR, C.J., and WARD and OSBORN, JJ.

OPINION

STEPHEN F. PRESLAR, Chief Justice.

In this workers' compensation case, the question is whether the claimant, a prisoner in the county jail, was an employee of the county at the time of his injury. Summary judgment was granted the defendant insurance carrier for the county. We reverse and remand for trial.

The sole basis for the defendant-insurance carrier's motion for summary judgment was that the plaintiff-claimant was not an employee. Proving that he was an employee at the time of his injury is an element of the claimant's case, (*Goodnight v. Zurich Insurance Company,* 416 S.W.2d 626 (Tex.Civ.App.—Dallas 1967, writ ref'd n.r.e.), but the carrier has elected to assume that burden by moving for summary judgment on the basis that the plaintiff was not an employee as a matter of law. As movant for summary judgment, the carrier

must prove that as a matter of law there is no genuine issue of fact as to that element of the plaintiff's cause of action. *Gibbs v. General Motors Corporation,* 450 S.W.2d 827 (Tex.1970). In our review the evidence must be viewed in the light most favorable to the non-movant and all evidence and inferences to the contrary must be disregarded. *Valley Stockyards Company v. Kinsel,* 369 S.W.2d 19 (Tex.1963). Viewed in that light, we are of the opinion that a fact question exists as to whether plaintiff was an employee—that there is some evidence of an employment contract.

The plaintiff was serving a one-year sentence in the Gaines County jail for D.W.I. The Sheriff had a court order to remove some furniture from a house; he told the plaintiff and three other prisoners to accompany him and a deputy to carry out the court order; in the process of loading a heavy freezer on a truck plaintiff suffered injury to his back for which he later had surgery; his hospital time and recuperation time were during the term of his sentence and the medical expense was paid by the county.

There is no provision for prisoners in the county jail of Gaines County to be covered by workers' compensation; neither is there a law against it. The Workers' Compensation Act defines "employee" generally as:

> [E]very person in the service of another under any contract of hire, expressed or implied, oral or written . . . Tex.Rev.Civ. Stat.Ann. art. 8309, sec. 1 (Vernon 1967)

A political subdivision provision is:

> [E]very person in the service of a political subdivision who has been appointed in accordance with the provisions of the article. No person in the service of a political subdivision who is paid on a piecework basis or on a basis other than by the hour, day, week, month, or year shall be considered an employee and entitled to compensation under the terms of the provisions of this article. Provided however, a political subdivision may cover . . . volunteers that are specifically named . . . Article 8309h, sec. 1(2) (Vernon Supp.1981).

The summary judgment proof is in the depositions of the plaintiff, the sheriff, and a deputy sheriff. The sheriff testified to a long standing practice of using county prisoners to clean offices, wash cars, take care of parks, "[a]nything going in the county property . . . that comes up"; "[i]f I need some help, I use them." Deputies oversee prisoners doing park work, but on repossessions, "I oversee that myself." We mention that because under any contract of hire, it is basis, if not determinative, that a worker is an "employee" of one who has the right of control, and in some circumstances it is the one who exercises control. *Dickerson v. I.N.A. of Texas,* 640 S.W.2d 81 (Tex. App.—Amarillo 1982, no writ history). There can be no doubt that the Sheriff had both the right of control and that he exercised actual control of the plaintiff. The parties by their argument narrow the question here to be one of "remuneration." Appellee says that plaintiff is a "volunteer" within the meaning of Article 8309h because he received no remuneration. When asked if the prisoners received any benefit for their work, the Sheriff explained they were given the status of "trusty" and received one day off their sentence for each two days of work. Plaintiff worked off his one-year sentence in eight months. There was evidence from the Sheriff that he did not make prisoners do anything they did not want to do, but if they did not work they could lose their benefits as trusty. Plaintiff and the deputy sheriff both said that if a trusty refused to work he would be taken off the trusty status. In that regard, this case differs from those where the prisoner is forced to work in a prison factory; in those cases it is held that the prisoner is not free to contract so there can be no contract of hire. Not so here, for the choice to work or not was that of the individual prisoner, and if he chose to work he received remuneration in the form of time off his sentence—obviously something of value to him. In the case of *Texas Employers Insurance Association v. Burrell,* 564 S.W.2d 133 (Tex.Civ.App.—Beaumont 1978, writ ref'd n.r.e.), it was held that where a man worked two or three days a week with no

pay but the hope of a job when he retired four years later, there was some evidence of an employment relationship. That is the question in the case before us. Is there "some" evidence?

 The question presented by this case of a county prisoner being also a county employee for workers' compensation coverage has not been passed on in Texas before. It was necessary to employ some one to carry out the court order and it could be plaintiff. We are persuaded by analogy to the principles of law announced in *Dancer v. City of Houston,* 384 S.W.2d 340 (Tex. 1964), that such a dual status is permissible. There, a city prisoner was being used to clean up debris and trash from a city park and was injured in the course of such work. A distinction was made between his status as a prisoner and his status as a workman, and it was held that he could make a valid claim against the city for negligence causing his injuries while a workman. Said Judge Norvell:

> Actually Dancer was a workman engaged in removing debris and trash from a city park. The fact that he was also a prisoner working out a fine for a traffic violation should not absolve the City from the duty of exercising ordinary care to protect him from injury. The injury which is the basis of this cause arose out of his activities as a workman and not out of the circumstance that he was a prisoner.

And so it is with the plaintiff, a question of fact exists as to whether he was an employee as well as a prisoner.

The summary judgment is reversed and the cause is remanded for trial.