## F. RAMTHUN v. J. H. HALFMAN.

(Case No. 1418.)

1. DEDICATION.— The intent to be ascertained from the acts and declarations of the owner of the land must unmistakably appear to dedicate the land absolutely and irrevocably to public use, to constitute a dedication.

2. SAME.— The mere user of a way for any length of time will not constitute of itself a dedication, if the intent of the owner of the land over which it passes to dedicate the way permanently to the use of the public, be wanting.

3. SAME.— A charge to the effect that if the owner of land over which a way through a lane passed, and which had been left open to public use, sold lands contiguous thereto, conveying the same by deeds calling for the lane as a boundary, this would constitute a dedication, was error. Such acts, though evidence of dedication, would not be conclusive.

APPEAL from Colorado. Tried below before the Hon. Everett Lewis.

This suit was brought July 24, 1880, by J. H. Halfman against appellant, alleging that in 1854 one Wm. Frels, deceased, donated and dedicated to the public a certain parcel of land, described in the petition, for a road or lane, and that the public and the people owning adjoining lands accepted the donation and used the lane as a public road from the date of the donation to the 1st of April, 1880, at which time appellant obstructed the same; that Frels from the date of the donation to the date of his death in March, 1870, recognized the donation, and sold and conveyed lands on the east and west sides of the lane calling for its lines in his deeds, and that the parties owning lands adjoining recognized the same as a public highway, etc. Petitioner also averred that in 1858 he bought land near said lane; went into possession thereof and made the same his homestead. That this homestead was composed of two separate tracts, and he was compelled to travel over the donated lane to reach his timber tract, for fuel, also to reach his postoffice, mill, etc.; that the purchase he made in 1858 did not border on or adjoin the lane, but that in 1859 he obtained from the county court a private way or road over the intervening lands, so as to give him ingress into the lane, which private way intersects the lane. That about April 1, 1880, appellant without warrant of law and by force took possession of the lane and closed up the mouth of it, put the land in cultivation, built fences across his private way where it opened into the lane, and otherwise prevented petitioner from using it. That as twenty years had elapsed since this lane had first been used by the public, the rights Frels had in the lane had been lost by pre-

scription, and thereby it became a public highway, etc. Further, petitioner averred that by reason of the situation of his homestead the lane was to him a way of necessity, and without it his lands were rendered useless to him. He claimed actual and punitory damages by reason of the acts of appellant in the premises, and prayed that the obstructions to the use of the lane be removed and appellant perpetually enjoined from interfering with the free use of the whole of the same by the public, and particularly the petitioner, etc.

To this petition appellant interposed a general demurrer, also special exceptions, claiming it was uncertain as to the kind of right claimed by prescription, denied that it was a way of necessity, and a general denial to the averment of grant or dedication, etc.

There was a general verdict for petitioner, without damages, upon which the court entered a judgment for him that the land included in the lane, to wit, four and four-tenths acres, be decreed an open and public highway, directing the sheriff to remove the obstructions placed in the lane, etc.

The errors assigned, deemed material, question the correctness of the charge of the court, and are sufficiently indicated by the opinion.

A number of witnesses knew the lane for many years — some for twenty-five years, some for twenty years, and it had always been fenced on the east and west sides, farmed up to these sides, and opened south into the public roads. They all stated that it had been used and traveled by the public generally since their knowledge of it. Appellant's witness, Ehlinger, said the lane was never used as a public road. Kollman did not regard the lane as public because it was not recorded; he had traveled the lane. Henry said he had traveled the lane, and had seen a few people travel it. Winkelman's land, he said, adjoined lane on west; he had lived there for twenty-six years; he and other people had used the lane. Witness Ehlinger, who was born in 1852, son-in-law of Frels, and who sold lane to appellant, said that Frels told him in 1869 that he had left lane for his own private use. Kollman testified that between 1865 and 1870 Frels told him several times that lane was his private property. Henry said that Frels told him in 1855 that the lane was his private property. Winkelman testified that in 1867 Frels told him if he would buy appellant's land he would sell him all the lane west of that tract to his line, otherwise he would not sell it.

There was evidence tending to show that if Frels at any time intended to donate the way to the public, that idea was abandoned before plaintiff acquired any special interest in the lane.

WATTS, J. COM. APP.— A highway may be created by a dedication or donation by the owner of his lands for that purpose, when such dedication has been accepted or recognized as a highway by the proper public authorities, or when the same has been accepted and used as such by the public. Noyes *v.* Ward, 19 Conn., 250; State *v.* Wilson, 42 Me., 9; Holcroft *v.* King, 25 Ind., 352; State *v.* Atherton, 16 N. H., 203; Princeton *v.* Templeton, 71 Ill., 68.

An intent to dedicate the land for the purpose of the highway by the owner must be shown by his acts and declarations; and such acts and declarations should clearly and unmistakably show that he intended to dedicate the land absolutely and irrevocably to the use of the public. David *v.* New Orleans, 16 La. Ann., 404; Niagara Falls, etc., *v.* Bachman, 66 N. Y., 261; San Francisco *v.* Canavan, 42 Cal., 541. And the fact that the way may have no outlet, or may terminate in a private road, does not prevent a dedication to public use. Bartlett *v.* Bangor, 67 Me., 460.

As was said by Chief Justice Wheeler in Oswald *v.* Grenet, 22 Tex., 99, "Respecting what will amount to or may be received as evidence of a dedication, the law is too well settled to admit of controversy. A setting apart, or dedication to a public use, to be effectual, need not be by deed; nor need it be evidenced by the use of it having been continued for any particular time; it is enough that there has been some clear, unequivocal act or declaration of the proprietor, evidencing an intention to set it apart for a public use, and that others have acted in reference to and upon the faith of such manifestation of intention. If the act of dedication be unequivocal, it may take place immediately. If there be no such act, it may be evidenced by an uninterrupted use, and that need not be for any particular time."

However, the owner may, without any intention of dedication, permit the public for any length of time to use a way, and this would not constitute a dedication, but a license which might be revoked at pleasure by the owner. For in such case one of the essential elements of a dedication is wanting, that is, the *intent* of the owner to make the gift.

The real controversy in this case was as to the intention of William Frels in leaving this way open. Upon the one hand it was contended that he intended to dedicate it to the public as a highway, and there was considerable testimony adduced tending to support that side of the issue. On the other hand it was contended that he did not intend it as a dedication to the public, but as a private way for his own convenience, and that the use of it by the public was

only permissive, and constituted a license which was revocable at his pleasure.    There was some evidence adduced tending to support that side of the issue.

The court in effect charged the jury that if this lane was open at the time appellee purchased his land and secured his private right of way, and that Frels had left it open for public use, and had sold lands adjoining the lane and called for it as a boundary, that this would constitute a dedication, and would authorize appellee to maintain the suit.    Now, conceding that these facts would constitute cogent evidence tending to show a dedication upon the part of Frels, still it must be admitted that they would not be conclusive evidence of such dedication.    Frels may have left the way open for public use under such circumstances as to amount to a license in the public to so use it, until such time as he might see fit to withdraw the land from that use by revoking the license; and the fact that he called for this lane as a boundary in selling portions of his land is by no means conclusive of his intention to dedicate it to the public, for it is not called for as a public lane or public road, but is called for as " what is known as Frel's lane."

Again, the court charged the jury in effect, that if appellee, from the time he purchased his land up to the death of Wm. Frels, had used said lane as an open space continuously without intermission, that appellee could maintain the action.    This charge is also erroneous, for that appellee may have used the open space during that time by permission of Frels, under such circumstances as to amount to no more than a license revocable at the pleasure of the owner of the land.

For the errors indicated, we conclude that the judgment ought to be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion approved February 16, 1883.]