CITY OF NEWPORT *vs.* CHARLES P. SISSON, Atty. Gen. *et al.*

JULY 6, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

482

STEARNS, C. J. This is a bill in equity praying for the administration of a charitable trust by the application of the *cy pres* doctrine. The respondents are the Attorney General of the State, and an heir of an original donor of the land, one Hiram Murray, and the children of some of the persons who contributed to the purchase of the land. The cause was heard on bill, answer and oral proof and is here on the appeal of the complainant from a final decree dismissing the bill.

The facts are undisputed. In 1863 Margaret Parish built at her own expense a small one-room wooden schoolhouse on a lot of land owned by Hiram Murray. In August of the same year, Hiram Murray, by warranty deed, in consideration of $450 paid by Margaret Parish and other persons who had contributed to the purchase of the premises, conveyed the premises in fee to Margaret Parish. The preamble and the habendum of the deed are as follows: "Whereas Margaret Kernochan Parish, of the City, County and State of New York, but temporarily residing in the City and County of Newport, in the State of Rhode Island etc., has from her own private funds erected a School House, upon the lot of land hereinafter described, for the purpose of promoting the education of the children of persons residing in the Southerly part of the City of Newport, and whereas, divers other well disposed persons have contributed towards the purchase of the land upon which the said School House has been erected, and whereas, to give effect to the charitable intentions of the said Margaret Kernochan Parish and

the said other persons it is necessary that the legal title to the said School House and lot should be passed to some person for the use to which it is intended. . . . To have and to hold . . . to Margaret Kernochan Parish, her heirs and assigns forever, but upon trust nevertheless, to carry into effect, her own charitable intentions, and the intentions of the other subscribers to the fund aforesaid of establishing and keeping up a public school at said place forever."

In September Margaret Parish conveyed the premises to the city of Newport by a deed the material part of which is as follows: . . . "in consideration of One Dollar to me paid by the City of Newport . . . and the divers donations made by charitably disposed persons in aid of the purchase of the lot of ground hereinafter described, do dedicate, quitclaim and convey to the City of Newport . . . the said school house and the lot of land upon which the same is located . . . in said Coggeshall Neck in Newport it being the same and all of that parcel of land conveyed to me by Hiram Murray . . . To have and to hold . . . for the uses and purposes of a public school forever, trusting and hoping that the school erected and established at this place will always be the subject of vigilant care and continuous solicitude upon the part of the school officials of the City of Newport so that my intentions herein expressed may be carried into full effect."

By a resolution of the city council, the thanks of the city council were tendered to Miss Parish "for her liberal donation to the city for educational purposes, and that the same shall always be used in compliance with the request of the donor."

The school established on the premises was used by the city as a part of its public school system until 1923, when it was closed by a vote of the school committee, with the approval of the State authorities, and has not since been used.

When the school was closed there were only eight pupils in attendance. The school was ungraded and, as the population for the most part had moved away from this locality, there was not, in 1923 nor is there now, any need or demand for the continuance of this particular school as two modern schoolhouses not far distant furnish ample school facilities for this part of the city.

The prayer of the bill is that the property be sold and the proceeds of the sale be administered in conformity with the principles of the *cy pres* doctrine. In the answer of the attorney general he avers that there is no matter in the bill contrary to the interests of the State and the public and he submits the rights of the state and its citizens to the consideration of this court. The other respondents admit that the gift being for the promotion of education is a gift for a charitable purpose. As is stated in their brief, the real question is whether the property was given to the city for the particular purpose of maintaining a school in the described locality rather than for the general purposes of education in Newport.

Respondents' contention is that there was a dedication of this property to the city and consequently, even although it was for a charitable use, the *cy pres* doctrine is inapplicable and that on the abandonment by the city of the use of the property, it reverts by operation of law to the original grantor or his heirs. These respondents however do not ask for a declaration of title in themselves but ask that the bill be dismissed and the property be continued to be held in trust with the hope that sometime in the future it may be usable for a school.

The justice who heard the cause decided that there had been a dedication of the property to the city and hence that the *cy pres* doctrine was inapplicable. We are of the opinion that the creation of this trust was not by dedication.

G. L., 1923, Chap. 95, s. 26, provides that: "Nothing in this chapter contained shall be so construed as to hinder or prevent the public from acquiring, by dedication or user,

lands or any interests in lands for highways or other public uses, according to the course of the common law . . ." This provision does not provide for a statutory dedication; it is merely an affirmance of the common law. *Eddy* v. *Clarke*, 38 R. I. 371.

In the case at bar the dedication, if any, is by common law. In 8 R. C. L. 383, the author says that by analogy, rather than by the strict common law principle, whereby lands could only be dedicated for a common highway, the theory of dedication has been invoked to uphold gifts for charitable uses, as for churches and schools, though these benefits are enjoyed by a certain class and not by the public at large.

The extension of the common law doctrine is recognized and applied in this State. *Mowry* v. *City of Providence*, 10 R. I. 52. In the recent case of *Wilbour* v. *Wilbur*, 50 R. I. 136, a vote in 1677 of the "original proprietor" to set aside a certain parcel of land to remain "for public use, as for a meeting house, burying place, training, pound &c." was held to be a valid dedication for the use of a part of the land for a public school.

The usual method of creation of a charitable trust is by will or deed of gift as in *Brown and Trustees* v. *Meeting St. Baptist Soc.*, 9 R. I. 177. Although charitable trusts for education are numerous in this State, our attention has not been called to any instance in which the creation of such a trust by deed has been held to be by dedication.

No particular mode of making a dedication is prescribed by the common law. A dedication may be made by a deed, which is the most definite form of dedication, and such title passes as the deed purports to convey. Such a dedication may be subject to a condition subsequent but such a condition, even when express, is not favored by the law. The intention of the grantor is to be ascertained from his acts and declarations and his conveyances, if any. *Brice* v. *All Saints Memorial Chapel*, 31 R. I. 183; *State* v. *Coy*, 44 R. I. 357; *City of Providence* v. *Payne*, 47 R. I. 444.

Considering the recitals in the two deeds which set forth the motives and purpose of the contributors to the trust property, we find no intention to create the proposed trust by dedication to the public. We think the deed from Miss Parish is a deed of trust and was so intended. It is not probable in the circumstances that the contributors to the fund or Miss Parish ever intended or expected that any of them should retain a reversionary interest in trust property of such a limited value. The use of the word "dedicate" in the deed is not decisive of the character of the conveyance when considered with the other terms of the deed. We think the word was used in its primary sense, namely, to devote to a special use rather than in a strict legal sense.

The instant case is similar to the cases of *Brown* v. *Baptist Meeting House, supra* and *Brice* v. *All Saints Memorial Chapel, supra.* The principle of these cases is well established and is decisive of the case at bar. The court will not infer a condition that the estate shall revert where no such condition is expressed or necessarily implied.

The alleged implied conditions in this deed of trust, in effect, are declarations of the terms of the trust upon which the property is to be held. The grant is upon a trust for charitable uses; if the trust is violated, the fitting remedy is not a reverter to the grantors or their heirs but a proceeding in equity to enforce the trust.

The primary purpose of the trust is the promotion of education. The donor undoubtedly intended and expected that the granted premises should be the location of the school but this secondary intention, because of a change of circumstances, cannot now be carried out. It is impossible to make effectual both intentions; if the trust is not to be rendered nugatory, the primary intention must prevail.

The admitted facts require the application of the *cy pres* doctrine. The application of this doctrine is for the Superior Court which has exclusive original jurisdiction in equity. G. L., 1923, C. 303, s. 9.

The appeal of the complainant is sustained and the cause is remanded to the Superior Court for further proceedings.

*Jeremiah A. Sullivan, City Solicitor, Sheffield & Harvey,* for complainant.

*Burdick, Corcoran & Peckham, Edward J. Corcoran,* for respondents.