SHELL OIL COMPANY, Petitioner,

v.

Joe Henry REINHART, Respondent.

No. A–9890.

Supreme Court of Texas.

Feb. 12, 1964.

Rehearing Denied March 11, 1964.

Turpin, Kerr, Smith & Dyer and Max N. Osborn, Midland, for petitioner.

John J. Watts and Thomas A. Sneed, Odessa, for respondent.

PER CURIAM.

The opinion of the Court of Civil Appeals is reported in 371 S.W.2d 722.

The trial court's judgment awarded Reinhart a recovery of damages for personal injuries against Shell Oil Company. Reinhart was a general employee of Cody & Teague Transport, Inc., engaged by Shell to perform certain services in removing paraffin accumulations in its oil wells. Reinhart was injured while working with Faulkner, Shell's employee, in putting a solvent into one of the wells.

One of Shell's defenses to the suit was that Reinhart was a loaned employee of Shell at the time of his injury, and that inasmuch as Shell was a subscriber under the Workmen's Compensation Act, it could not be held to respond to Reinhart in damages even if it were negligent; that Reinhart's only remedy was to proceed against Shell's insurer for benefits under the Workmen's Compensation Law.

The trial court submitted a special issue to the jury inquiring whether Reinhart was a loaned employee of Shell, and the jury found that he was. The trial judge disregarded the jury's answer, reciting that

he found "as a matter of law, that the plaintiff was not a special or loaned employee."

In its first point of error in its brief in the Court of Civil Appeals, Shell asserted that the jury's finding that Reinhart was a loaned employee had support in the evidence and that the trial court erred in not granting its motion for judgment on the verdict. It prayed that the judgment of the trial court be reversed and that judgment be rendered in its favor. Alternatively, it prayed, because of other asserted errors, that the judgment of the trial court be reversed and the cause be remanded for a new trial.

The Court of Civil Appeals expressly declined to pass on Shell's first point. That court reversed the judgment of the trial court because of conflicts in the jury's answers to various issues, and for other reasons, and remanded the cause for retrial.

Only Shell has filed an application for writ of error. By its application Shell seeks a reversal of the judgments of the courts below and a rendition of judgment in its favor on several grounds, the first of which is the same as that presented in its first point of error in the Court of Civil Appeals. If Shell is correct in asserting that there is in the record evidence of probative force supporting the jury's finding that Reinhart was its loaned employee at the time of his injury, it is entitled to the relief it seeks; but we have concluded that it is not correct in that assertion.

We see no need to analyze the evidence in detail; a summary will suffice for purposes of this opinion.

Cody & Teague was the owner of special equipment for heating oil and pumping it into oil wells to dissolve paraffin accumulations. A commercial solvent, highly inflammable in nature, is also useful in dissolving the paraffin. Shell entered into a written contract with Cody & Teague to dissolve the paraffin in some of its wells. The contract, although appearing in the record, was excluded as evidence at trial. Reinhart and McWhorter were sent by Cody & Teague with the special equipment to the work site on Shell's lease where they were met by Faulkner, Shell's pumper. Treament of one well had been completed by pumping the solvent, furnished by Shell, and hot oil into the well. Solvent was being pumped into a second well when it backed up out of a hose into which it was being poured, caught fire and burned Reinhart. At the time of the accident Reinhart was holding the hose and Faulkner was pouring the solvent into the hose. The hose and the pump being used in the operation were owned by Cody & Teague.

The trial court defined the term "special or loaned employee" as used in the charge, and neither party complains of the definition. According to the definition a "special or loaned employee" is one who, "though in the general employ of another company, is turned over to a second company" to assist the second company in the performance of its employment and in such work "becomes subject to the control, supervision and direction of the second company to whom he is turned over, concerning all the details of the particular work being performed."

Shell called three witnesses to testify with respect to the operation. Their testimony, in summary, is that Cody & Teague was employed as an independent contractor to perform the entire operation of putting the commercial solvent and hot oil into Shell's wells; that Shell neither had any right of control of the manner in which the work was done, nor did it exercise any through Faulkner or otherwise; that Shell simply purchased and furnished the solvent to Cody & Teague for use by McWhorter and Reinhart; that at the direction of McWhorter, Faulkner was assisting Reinhart in putting the solvent in the well at the time of the accident. It is clear that this testimony, standing alone, negatives the legal conclusion that Reinhart was a borrowed employee of Shell at the time of his injury.

But Shell argues that the testimony of Reinhart, quoted at some length in the opin-

ion of the Court of Civil Appeals, will support the jury finding that he was a loaned employee of Shell. Reinhart's testimony, fairly interpreted and summarized, is that Cody & Teague was employed only to put hot oil into Shell's wells; that putting the solvent into the wells was an entirely separate preliminary operation to be performed by Shell and not by Cody & Teague; that when a pump to be used in the operation failed to pick up the solvent from a drum, Faulkner requested him (Reinhart) to assist in injecting the solvent by pouring it into the hose leading to the pump and to the well; that it was while thus working for Faulkner and under his direction that the injury occurred.

There is nothing in Reinhart's testimony to indicate that he "was turned over" to Shell or its employee, Faulkner, by Cody & Teague. His testimony shows only that Faulkner encountered some difficulty in performing his own duties for Shell and that he called for and was receiving assistance from Reinhart at the time of the accident. The legal relationship of Reinhart to Shell, based on the testimony of Reinhart in the record before us, appears to be that of a volunteer, with the rights and duties of the parties determined by whether Reinhart was assisting Faulkner as an accommodation to him or to expedite the work of his own employer, Cody & Teague. See Mayton v. Texas & P. R. Co., 63 Tex. 77; Eason v. S. & E. T. Ry. Co., 65 Tex. 577; Bonner v. Bryant, 79 Tex. 540, 15 S.W. 491; Nobles v. Texas Indemnity Ins. Co., Tex.Com.App., 24 S.W.2d 367; 16 T.L.R. 416. But however that may be, under the court's charge the testimony of Reinhart does not support a finding of a relationship of loaned employee.

Shell's other points of error do not present valid reasons, on the record before us, for reversing the judgments of the courts below and rendering judgment that Reinhart take nothing.

The application for writ of error is "Refused. No Reversible Error." Rule 483, Texas Rules of Civil Procedure.