Albina **PAJESTKA**, Appellant,

v.

Josephine **VISCARDI**, Appellee.

No. 12,641.

Court of Civil Appeals of Texas, Austin.

Jan. 18, 1978.

Rehearing Denied March 1, 1978.

James Chrisman Phillips, Graves, Dougherty, Hearon, Moody & Garwood, Austin, for appellant.

Malcom Smith, Austin, for appellee.

SHANNON, Justice.

Josephine Viscardi, appellee, filed a declaratory judgment suit in the district court of Travis County. Viscardi sought a declaration of her right to use a driveway or alleyway located between her lot and the lot of Albina Pajestka, appellant. In addition, Viscardi sought the entry of an order permanently enjoining Pajestka from interfering with her use of the driveway.

Both parties filed motions for summary judgment. The district court entered summary judgment in favor of Viscardi. The judgment (1) declared that Viscardi had " . . . an easement, both public and prescriptive . . . " to use the driveway, and (2) permanently enjoined Pajestka from interfering with the use and enjoyment by Viscardi of her right of easement to the driveway. The court observed, in addition, that the issue of title was not before the court, and, hence, the judgment made no determination of title.

The driveway at issue is located in block 104 in the city of Austin. Block 104 is bounded by Ninth Street on the north; Rio Grande Street on the east; Eighth Street on the south; and West Avenue on the west.

The following drawing indicates the parties' land and the disputed driveway:

*LOT 104*

*N*

*S*

*ViscARDi*

*oLd city Alleyway*

*10'*
*10'*

*Center Line*

*Pajestka*

*DRIVE way iN disputw*

Before 1915, Hooper held title to all of block 104. In 1915 Hooper conveyed all of lot 104 south of old city alleyway to Walter Bremond. Three days later Bremond conveyed the same land to the now nonexistent State National Bank of Austin, Texas. The bank subsequently conveyed all of its land in lot 104 except the northwest corner which is the same presently held by Pajestka. In 1921, the bank by written instrument "dedicated" an alleyway " . . . for the benefit of the owners of any of the property in the South half of Block No. One-Hundred and Four (104) . . . " for their " . . . use and benefit . . . forever." The instrument, however, made no mention of Hooper's use of the driveway. The bank conveyed all of its interest in lot 104 by 1925.

Since the creation of the driveway, lot owners in both the north and south halves of the lot have used the driveway. In 1976, Pajestka placed a chain across the driveway to block its use by Viscardi. One result of

Pajestka's blockade of the driveway was the filing of the lawsuit.

 Viscardi seeks to sustain the district court's judgment upon the basis that the bank's conveyance of 1921 constituted a public dedication. Contrary to Viscardi's assertion, the fact that the word, "dedicate," was employed in the bank's conveyance is not controlling. *City of Newport v. Sisson*, 51 R.I. 481, 155 A. 576 (1931); *Joyce v. Brothers Realty Co.*, 127 So.2d 756 (La. App. 1961). The use of the word, "dedicate," is not decisive of the character of the conveyance when considered with the other terms of the conveyance. An examination of the terms of the conveyance shows that the bank did not intend a public dedication, but instead, created an easement appurtenant for a selected group of lot owners.

 Viscardi also defends the judgment upon the premise that she obtained a prescriptive right to the driveway. Both Pajestka and Viscardi, together with their respective predecessors in title, have continu-

ously used the driveway since 1924. Viscardi, by word or deed, never communicated to the owner any intent to adversely claim an easement right. Viscardi's use of the driveway was not inconsistent with the right of the owner to use the driveway. Accordingly, Viscardi's use conferred no right in opposition to that of the owner. *O'Connor v. Gragg*, 161 Tex. 273, 339 S.W.2d 878, 881 (1960); *Othen v. Rosier*, 148 Tex. 485, 226 S.W.2d 622, 626 (1950).

By her fourth point of error Pajestka claims, in substance, that the district court erred in failing to enjoin Viscardi from using the driveway. The stated basis for the point is that the undisputed evidence shows fee simple title in Pajestka in the land underlying the driveway, unencumbered by any right of Viscardi. Pajestka concludes that, as fee owner, she is entitled to injunctive relief. Implicit, but not stated, in her argument is that, as fee owner, she was entitled to place the chain across the driveway.

█ Pajestka's argument ignores the fact that title was never placed in issue in district court. As a result, the district court correctly observed that it could not, and did not, determine title. Likewise, this Court may not determine title. Under the record in this appeal, Pajestka is not a fee owner in the land underlying the driveway; instead, she has no more than an easement right to use the driveway. An easement gives no exclusive dominant right over the servient land unnecessary to the enjoyment of the easement. *San Jacinto Sand Co. v. Southwestern Bell Telephone Co.*, 426 S.W.2d 338 (Tex.Civ.App. 1968, writ ref'd n.r.e.); *Wall v. Lower Colorado River Authority*, 536 S.W.2d 688 (Tex.Civ.App. 1976, writ ref'd n.r.e.). The point of error is overruled.

Because Viscardi had no right to use the driveway by virtue of the bank's conveyance and because she had no prescriptive easement, she was not entitled to injunctive relief. Accordingly, the judgment of the district court is reversed and the injunction is dissolved.

PHILLIPS, C. J., not participating.