Josephine VISCARDI, Petitioner,

v.

Albina PAJESTKA and Griffin Smith, Respondents.

No. B–7492.

Supreme Court of Texas.

Nov. 22, 1978.

Rehearing Denied Dec. 29, 1978.

Malcolm C. Smith, Robert W. Davidson, Austin, for petitioner.

Graves, Dougherty, Heron, Moody & Garwood, James C. Phillips, Austin, for respondents.

GREENHILL, Chief Justice.

Josephine Viscardi filed suit in the district court of Travis County seeking a declaratory judgment affirming her right to use an alleyway located between her property and that of Albina Pajestka. Viscardi further sought a permanent injunction pro-hibiting Pajestka from interfering with her use of the driveway.

The trial was held before the court sitting without a jury. The trial court granted Viscardi the relief she sought and permanently enjoined Pajestka from further interference. The court of civil appeals sitting in Austin reversed the judgment of the trial court and held: 1) that the alley in question was not dedicated to the public; and 2) that Viscardi had obtained no private right of easement by prescription. 562 S.W.2d 13 (1978). Our holding is that the existence of a public dedication is a question of fact. When the trial court rendered judgment for Viscardi, there was an implied finding of fact that there had been a public dedication. There is, under the circumstances of this case, factual support for such a finding; and accordingly, we reverse the judgment of the court of civil appeals and affirm the judgment of the trial court.

The alley or driveway in question is located in block 104 of the City of Austin. The following drawing illustrates the land of the two parties and the L-shaped driveway in dispute:

This entire block was owned by one Florence Hooper and her husband prior to 1915. In that year the Hoopers conveyed all of the block to the south of the old city alley

to Walter Bremond, who in turn conveyed it to the State National Bank of Austin. The Bank is presently non-existent. The Hoopers obtained title to the old city alley by prescription in 1919. With the exceptions of the portion now owned by Pajestka and the alleyway in dispute, the Bank then conveyed its interest in block 104 to various individuals.

In 1921 the Bank deeded the alley under dispute. It is the interpretation of that instrument which is the basis for the disagreement between the parties to this lawsuit. The document in part states:

> . . . That the State National Bank of Austin, Texas . . . has dedicated, and by these presents does dedicate, for the benefit of the owners of any of the property in the South half of Block No. One-Hundred and Four (104). . . The said alley as above described is to be kept open for the use and benefit of the owners of property in the South half of said Block No. 104, forever.
>
> This instrument further witnesses that in consideration of the dedication by the said The State National Bank of Austin, Texas . . . .

The Bank in 1925 conveyed its remaining interest in block 104 to Pajestka's predecessors in title.

The driveway in question has been used continuously by the owners of the respective properties, their guests and tenants for over fifty years. Since the 1930's it has been the only entrance to the apartments that are located at the back of Viscardi's lot. It has also been used by the City of Austin trash collectors, although it is not currently used for that purpose. There is conflicting testimony as to who has in the past cared for the maintenance of the driveway and as to which of the adjoining lot owners gave permission to the other to use the alley. Pajestka has in the past paid taxes on the property.

In 1976 after a dispute arose over the sharing of the driveway, Pajestka placed a chain across the alley to prevent its use by Viscardi or her tenants. That action prompted Viscardi to bring the present lawsuit. The question before this court is what rights, if any, Viscardi has with respect to the alley.

Viscardi claims both a prescriptive easement and that the above-described instrument creates a dedication of the alley to the public. The court of civil appeals held that an easement was not created by prescription and that, despite the use of the term, "dedicate," the intention of the document was not a public dedication; rather, it was intended to create an easement appurtenant for a selected group of lot owners. We reverse this latter holding and hold that the land was dedicated to the public.

■ The deed by its very terms provides evidence of a public dedication. Dedicate is the sole term of conveyance to be found in the Bank's document. The word "dedicate" clearly means "to appropriate and set apart one's private property to some public use; as to make a private way public by acts evincing an intention to do so." BLACK'S LAW DICTIONARY (4th ed. 1951).

Furthermore, the Bank describes its deed as a "dedication." "Dedication of a street is setting apart land for the public use for a passageway . . . ." *City of Uvalde v. Stovall*, 279 S.W. 889 (Tex.Civ.App.—San Antonio 1925, writ ref'd). Even prior to the time of the conveyance in question, the word "dedication" had denoted a setting aside of private property for public purposes. *See Poindexter v. Schaffner*, 162 S.W. 22 (Tex.Civ.App.—Dallas 1914, no writ) and *City of Kaufman v. Franch*, 171 S.W. 831 (Tex.Civ.App.—Dallas 1914, no writ). Later paragraphs of the conveying document indicate that the Bank was aware of the existing difference between what constituted an easement and what constituted a dedication, and that they were expressly calling this a dedication. The document states:

> And further, in consideration of the foregoing [dedication], The State National Bank of Austin, Texas, for itself, its successors and assigns, hereby releases and relinquishes unto the said J. R. Nich-

ols, the *easement* of the right-of-way over the west five feet (5) of the said lot of said J. R. Nichols, above referred to, and so releases such *easement* unto the said J. R. Nichols his heirs, legal representatives and assigns. [Emphasis added.]

The Bank called its conveyance a "dedication" of land instead of calling it a grant of an "easement" as it had done in the past.

Additionally, the extrinsic evidence surrounding the grant supports the conclusion that the Bank intended a dedication. None of the subsequent deeds given by any one owner of property in the south one-half of block 104, save a correction deed obtained by Pajestka in 1971, attempts to convey or even mentions any rights to a private easement in the alley. Furthermore, in over fifty years of use, until Pajestka chained the entryway to the alley, no one had ever attempted to exercise any private right in the alley, or attempted any act in contravention of the public's right to the alley.

■ This court has recognized that the owner's intent to dedicate, where not expressly delineated, may be implied from the owner's conduct. *City of Houston v. Scanlan*, 120 Tex. 264, 375 S.W.2d 718 (1930); *Ramthun v. Halfman*, 58 Tex. 551 (1883); and *Ladies Benevolent Society of Beaumont v. Magnolia Cemetery Co.*, 288 S.W. 812 (Tex.Comm'n App. 1926, judgmt. adopted). The intent of the grantor is a question of fact. *Owens v. Hackett*, 151 Tex. 503, 251 S.W.2d 957 (1952); *Conway v. Irirck*, 436 S.W.2d 219 (Tex.Civ.App.—Fort Worth 1968, writ ref'd n. r. e.); and *Calhoun County v. Wilson*, 425 S.W.2d 846 (Tex.Civ.App. —Corpus Christi 1968, writ ref'd n. r. e.).

■ In the case at hand, the express declarations in the deed support what might seem to be somewhat contradictory conclusions: while the language expressly indicates a dedication, it seemingly limits the benefit of such to a limited group of landowners. It was up to the finder of fact in the trial court to decide what was the actual intent of the Bank. There, of course, can

be no private dedication of property.[1] *Drye v. Eagle Rock Ranch Inc.*, 364 S.W.2d 196 (Tex.1962). The acts surrounding the Bank's document, in the light of the entire instrument, are capable of the construction of an intention to make a public dedication. The owners of the surrounding property, as well as their tenants and guests, used the alleyway without interruption for over fifty years. The City of Austin made its trash collection for many years by means of the alley.

These facts, when added to the intentional use by the Bank of the words "dedicate" and "dedication," instead of terms indicating an easement, support the implied finding of fact by the trial court that a public dedication was intended by the 1921 document.

■ Pajestka maintains that even if the Bank did intend a dedication to the public, there has been no public acceptance; and if there has been acceptance, then the city has abandoned the property. The courts of this state do not require that the acceptance by the public be express. An implied acceptance by the public is sufficient. *Gilder v. City of Brenham*, 67 Tex. 345, 3 S.W. 309 (1887). If an intention to dedicate is otherwise shown, as was done here by the 1921 deed, the public use of the land is sufficient to constitute a completed dedication. *Oswald v. Grenet*, 22 Tex. 99 (1858); and *City of San Antonio v. Grandview*, 91 Tex. 430, 41 S.W. 477 (1897).

■ An abandonment occurs when the use for which the property was dedicated becomes impossible of execution, or the object of the use totally fails. *Adams v. Rowles*, 149 Tex. 52, 228 S.W.2d 849 (1950) and *Griffith v. Allison*, 128 Tex. 86, 96 S.W.2d 74 (1936). The mere fact that the city no longer uses it as a route for trash collection does not constitute an abandonment. The use of the driveway has been continuous since 1921. Prior to the driveway being chained, the public was using it

---

1. Viscardi did not strongly contend either in the court below or before this court that the Bank's instrument granted any private easement right to Viscardi. We agree that such a contention is not supported by the apparent facts of this case.

for the same purposes for which it was dedicated over fifty years ago. The evidence does not show that the use for which the property was dedicated is impossible to execute or that the object of the use for which the property was dedicated has wholly failed as is required to support a finding of an abandonment.

Since the finder of fact impliedly found that a public dedication had occurred and since there was not an abandonment, the judgment of the trial court was correct. Therefore, the judgment of the court of civil appeals is reversed and that of the trial court is affirmed.

POPE, J., not sitting.

## ON MOTION FOR REHEARING

GREENHILL, Chief Justice.

■ In the oral argument before this court, there were several questions from the bench as to how this case was actually tried in the District Court.

The court was informed that the attorneys for the respective parties had tried the case under a procedure of their own making. As stated in the brief of Josephine Viscardi in the Court of Civil Appeals:

"Actually, although the pleadings are entitled Motions for Summary Judgment, this case was in effect tried *upon the stipulated merits* by a procedure created and agreed to by the parties for the purpose of speedy justice and so as not to waste at least one week of the trial court's time  .  .  .."

Among the stipulations of the parties are these:

"12. That, if this case were brought to trial on the merits, the testimony taken in the hearing for temporary injunctions, heard before this Court on June 16, 1976, would be repeated by those persons who so testified.

"13. That, for the purposes of any hearing on motion for summary judgment, *the Court may make its own findings of fact* based upon the pleadings and the testimony hereto-

fore filed and made a part herein, upon these stipulations, and upon the other documents and exhibits contained herein, plus the affidavits filed in connection with any motion for summary judgment."

Upon such oral argument, there was inquiry about how there could be reference to testimony taken at a former hearing, an agreement that the trial court could make its own findings of fact, and still have a trial upon motions for summary judgment. Counsel for both parties were questioned at length on this matter. As indicated, the court was informed that by agreement of counsel, the case was submitted to the trial court upon its agreed merits in which the trial court could make findings of fact.

Accordingly, this court accepted the representations of counsel and decided the case upon its merits, including the power of the trial court to make findings of fact. And accordingly, the point in the motion for rehearing that this court erred in failing to treat the case only as one tried upon conventional motions for summary judgment is overruled.

We add that while counsel were undoubtedly acting with proper and honorable motives, it is suggested that the better practice is to try cases by the rules as they are written. In following that course, they and the appellate courts will find it easier to have matters adjudicated without questions such have been here presented.

Counsel for Pajestka on the motion for rehearing, states that the Court of Civil Appeals made a factual finding that "an examination of the terms of the conveyance shows that the bank did not intend a public dedication." 562 S.W.2d at 15. It is then argued that the Court of Civil Appeals *is* authorized to make fact findings, and that this court is *not*. This court did not make findings of fact: it held that the trial court made implied findings of fact in the nonconventional trial, and that there was evidence to support such findings.

The motion for rehearing is overruled.

No further motion for rehearing will be entertained.

POPE J., not sitting.