Chester O. BOWEN and Wife, Franziska Bowen, Appellants,

v.

Raymond INGRAM and Wife, Mary Ingram, Paul Robinson and Wife, Joann Robinson, Sonny Clayton and Wife, Ann Clayton, Danny Ingram and Wife, Kathy Ingram, Bill Waldrop and Wife, Peggy Waldrop, Randy Berry and Wife, Erin Berry, and Elzie Gage and Wife, Jean Gage, Appellees.

No. 07–94–0238–CV.

Court of Appeals of Texas, Amarillo.

March 16, 1995.

---

Harold L. Comer, Pampa, for appellants.

Gassaway, Gurley & Mitchell, Leon Mitchell, Borger, for appellees.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

BOYD, Justice.

This case concerns the question of whether an alleyway and easement within and adjacent to a small subdivision known as Del Rancho Village is limited to utility purposes or whether the alleyway and easement may be used as a street or roadway by members of the public. This appeal originated as a suit by appellees Raymond Ingram and wife, Mary Ingram, Paul Robinson and wife, JoAnn Robinson, Sonny Clayton and wife, Ann Clayton, Danny Ingram and wife, Kathy Ingram, Bill Waldrop and wife, Peggy Waldrop, Randy Berry and wife, Erin Berry, Elzie Gage and wife, Jean Gage, against appellants Chester O. Bowen and wife, Franziska Bowen, wherein appellees sought to enjoin appellants from obstructing the alleyway and easement. After a bench trial, the trial court entered the judgment enjoining appellants giving rise to this appeal. For reasons discussed below, we affirm the judgment of the trial court.

The Del Rancho Village subdivision is located about seven miles west of the city of Borger in Hutchinson County. There are approximately eleven different property owners of the Del Rancho Village. The original owner of the property involved in this dispute was the Johnson Land & Cattle Company, Ltd., whose managing partners were M.T. Johnson, Jr. and Bob Johnson. Both appellants and appellees are owners of lots

within the subdivision, with appellants owning Lots 1, 2, and 3 and appellees owning the remainder of the lots. The easement in question is located on a triangular piece of property located immediately north of the portion of the subdivision presently owned by appellants, running from its south boundary to its north boundary. The easement, if used for vehicular traffic, would provide a link for the owners of lots in the subdivision to Highway 136, which runs along the north boundary of the tract.

On April 24, 1972, the Johnson Land & Cattle Company, Ltd. executed an instrument denominated as "Dedication of Alleyway and Easement," recorded in Volume 379, pages 149 et seq. of the Deed Records of Hutchinson County, which dedicated the easement now in question. The instrument contained a metes and bounds description of the easement and also made reference to an attached plat showing the triangular tract and the portion covered by the easement. With reference to the easement, the instrument provided:

> Said strip of land is hereby dedicated for the use, enjoyment and benefit of land owners in Del Rancho Village, a subdivision adjacent to said strip of land, for the use, benefit and enjoyment of the public generally, and for the use and benefit of any public utility, municipality or other person or firm furnishing gas, water, electricity, telephone and/or other utilities, for the purpose of laying, operating, maintaining and removing pipelines, poles, wires and other lines for the purpose of supplying utility services and connections to and with lots and tracts of land in the general area of said strip of land. Provided, however, that any such utility installations shall be so constructed as not to interfere with the free passage of motor vehicles across said strip of land. No buildings or other obstructions shall be allowed upon such easement and alleyway, and the same shall be kept clear of overhanging limbs and branches and from shrubs and trees that might interfere with the purposes for which the same is dedicated; and in the absence of the owners of adjacent lands from keeping said alleyway and easement clear of overhanging limbs, branches, etc.,

any person or firm for whose use and benefit said strip of land is dedicated, may clear the same from such obstructions without being liable in damages therefor to any person or persons.

Then, on April 25, 1972, the Johnson Land & Cattle Co., Ltd. conveyed the triangular tract to appellants by deed of same date, which was recorded in Volume 379, pages 660 et seq. of the Hutchinson County Deed Records. With regard to the easement, the deed provided:

> There is excepted from this conveyance, however, that certain alleyway and easement heretofore dedicated by Grantors, by written instrument dated the 24th day of April, 1972, traversing the above described tract of land, said alleyway and easement being described (then follows the same metes and bounds description contained in the dedication deed).

In its judgment, after finding in the first numbered paragraph that the tract in question was that described in the dedication deed to which we have referred, the trial court held, *inter alia,* that:

(2) Such alleyway and easement was dedicated for the public, for the benefit of the various utility companies and further for the residents of Del Rancho Village Unit 1 and has formally been accepted by Hutchinson County as an alleyway and easement for all intents and purposes as set forth in the Dedication referred to in ¶ (1) above.

(3) The Del Rancho easement, being a 20.0' easement identified in the Del Rancho plat recorded in Volume 379, Page 666 of the Deed Records of Hutchinson County, Texas is for utility purposes and to accommodate the properties adjoining said easement in any manner or method not inconsistent with the residential uses of the properties. Specifically, the easement shall be available for use by the residents and the invitees and agents of the residents for emergency use, garbage collection, water, septic system uses, gas, phone, electricity, as well as such other uses consistent with the owners' use and enjoyment of their various properties.

In pursuance of those holdings, the trial court went on to order appellants to "desist and refrain from obstructing the alleyway and easement" and to "immediately remove any and all obstructions, fences, gates and iron posts from the alleyway and easement...." It also awarded appellees attorney fees and costs. The trial court also entered findings of fact and conclusions of law to which we will refer as may be necessary in our discussion.

In mounting their challenge, appellants bring four points of alleged error. They present and argue their first and third points initially and jointly. Likewise, we will consider those points together.

In their first point, appellants refer to the trial court's tenth conclusion of law and argue the trial court erred in failing to find, as a matter of law, that appellants had acquired limitation title to the Johnson easement "because the Dedication instrument dated April 24, 1972, was a mere offer of dedication and was not accepted by Hutchinson County before [appellants] had perfected their limitation title under the ten-year statute of limitation...." In their third point, appellants refer to the trial court's first finding of fact and fifth conclusion of law and contend the court erred in finding the Johnson easement was dedicated as a public easement on April 24, 1972, the date of the signing and filing of the dedication, "because as a matter of law, the filing of a dedication is only an offer to dedicate and is not a completed dedication without acceptance, and there is no evidence, or insufficient evidence, to support the trial court's finding of a completed dedication."

Initially, we note that no question is raised in this appeal concerning appellants' standing to bring suit and the effect upon such standing of the language in the conveyance to appellants "excepting" the alleyway and easement described in the dedication instrument, rather than making the conveyance "subject to" those matters. Accordingly, for the purposes of this appeal, we assume appellants have the necessary standing to bring the instant suit and this appeal.

In its first finding of fact, the trial court found the tract in question here "was formal- ly dedicated to the public by the then owner Johnson Land & Cattle Co., Ltd. on April 24, 1972, when the Dedication of Alleyway and Easement was filed of record in Volume 379, Page 149 of the Deed Records of Hutchinson County, Texas on June 5, 1972." In its fifth conclusion of law, the trial court held "[t]he JOHNSON EASEMENT was dedicated as a public easement on April 24, 1972 when the dedication was signed and filed of record." In its tenth conclusion of law, the trial court held that appellants could not "acquire through adverse possession any right or title to real property dedicated to public use."

The seminal case of *Viscardi v. Pajestka*, 576 S.W.2d 16 (Tex.1978), involved the question of whether an alleyway had been dedicated for the benefit of the public and discussed several principles that are applicable to this appeal. *Id.* at 17. In that case, the Texas Supreme Court noted that the question of the validity of a public dedication is generally one of fact. The court also noted that the definition of the word "dedicate," when used in an instrument such as the one in question here, should be "to appropriate and set apart one's private property to some public use; as to make a private way public by acts evincing an intention to do so." *Id.* at 18. The court went on to explicate that the courts of this state do not require an express acceptance of a dedication by the public; rather, "[a]n implied acceptance by the public is sufficient." *Id.* at 19. The court concluded that in view of the evidence that the adjoining land owners, as well as their tenants and guests, had used the alley, that the City of Austin had used the alley for trash collections, and in light of the language chosen for the conveyance, the evidence was sufficient to sustain the trial court's implied holding that a public dedication had been made. *Id.*

In the case of *Adams v. Rowles*, 149 Tex. 52, 228 S.W.2d 849 (1950), the Texas Supreme Court noted the rule set out in *Manziel v. Railroad Commission*, 197 S.W.2d 490, 493 (Tex.Civ.App.—Austin 1946, writ ref'd) that "the sale of lots by reference to a recorded plat constitutes, as between the grantor and grantee a dedication of the streets, alleys and other ways designated in

such plat." *Id.* 228 S.W.2d at 851. The court also pointed out the established rule that abandonment of an easement "occurs when the use for which property is dedicated becomes impossible, or so highly improbable as to be practically impossible, or where the object of the use for which the property is dedicated wholly fails." *Id.* 228 S.W.2d at 852 (quoting *Griffith v. Allison*, 128 Tex. 86, 96 S.W.2d 74, 77 (Tex.Comm'n App.1936, judgm't adopted)). It also reiterated that mere non-use of an easement does not extinguish it. *Id.*

■ In reviewing the "matter of law" challenge mounted by appellants in these points, we must examine the record for evidence that supports the finding, ignoring any evidence to the contrary. If there is no evidence to support the finding, we must then examine the entire record to determine if a contrary proposition is established as a matter of law. *Raw Hide Oil & Gas, Inc. v. Maxus Exploration Co.*, 766 S.W.2d 264, 276 (Tex.App.—Amarillo 1988, writ denied).

Summarized, the evidence before the trial court was uncontroverted as to the execution of the dedication deed, as well as to the reference to the dedication deed contained in the warranty deed conveying the property to appellants. Parenthetically, although appellants refer to their testimony that they "objected to their deed providing for the Johnson Easement because when they bought the property, there was no dedicated alleyway across their property," Bob Johnson, the individual negotiating the sale for the grantor, denied that any such objection was made. There was also testimony by M.T. Johnson, Jr., Bob Johnson, and Murl Blakely that for a period of time beginning in the early sixties and lasting until 1972, the alleyway had been open and used by the adjoining landowners. We also note that appellants' objection to the deed, even if taken at its face value, indicates their belief that the reference was to an alleyway easement.

Additionally, the dedication deed recites that the alleyway was dedicated for the use and benefit of the adjoining landowners and "the public generally" before its conjunctive reference to the alleyway's use for utility purposes. The dedication deed also modifies the reference to the alleyway's use for utility purposes with the admonition that "any such utility installations shall be so constructed as not to interfere with the free passage of motor vehicles across said strip of land."

In sum, after carefully reviewing all the documentary and testamentary evidence produced at the bench trial, we find that the trial court did not err in holding that the alleyway had been dedicated for the benefit of the public, that the delay in formal acceptance by the commissioner's court did not defeat that dedication, and that the dedication did not limit the alleyway's use to utility purposes.

■ Appellants also make a first-point contention that the trial court erred in failing to find, as a matter of law, that they had obtained title to the easement strip by virtue of the ten-year statute of limitations. The basis for this claim is the undisputed testimony that they had constructed a fence across the alleyway and that such fence had remained there for a period in excess of ten years.

In support of their claim of adverse possession, appellants place primary reliance upon this court's decision in *Young v. City of Lubbock*, 130 S.W.2d 418 (Tex.Civ.App.—Amarillo 1939, no writ) and other cases of like ilk. However, the cases appellants rely upon were decided before article 5517 of the Texas Revised Civil Statutes was amended to specifically include alleys as areas of public domain which cannot be lost by adverse possession. *See Ellis v. Jansing*, 620 S.W.2d 569, 570 (Tex.1981) (Article 5517 prohibits claim of adverse possession in alleyway). That prohibition was in force during the time periods with which we are concerned and is carried forward into section 16.030(b) of the present Texas Civil Practice and Remedies Code. Appellants' first and third points are overruled.

Our disposition of appellants' first and third points mandates an affirmance of the trial court judgment and obviates the necessity for a discussion of appellants' second and fourth points. In those points, appellants contend the trial court erred in finding there was a public necessity for the alleyway and

that the public had a prescriptive easement over the property in question.

Accordingly, the judgment of the trial court is affirmed.