NUMBER 13-05-006-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG

 

LEONARD KUNEFKE AND

VANESSA KUNEFKE,                                                         Appellants,

 

                                                             v.                                

 

CALHOUN COUNTY, TEXAS,                                                        Appellee.

 

      On
appeal from the 24th District Court of Calhoun County, Texas.

 

 

                               MEMORANDUM
OPINION      

 

                         Before
Justices Hinojosa, Yañez, and Garza 

                            Memorandum
Opinion by Justice Garza

 

By one issue, appellants, Leonard and Vanessa
Kunefke, appeal a summary judgment granted in favor of appellee, Calhoun County
(the ACounty@).  Appellants
contend the trial court erred in granting appellee=s motion for summary judgment because issues of
material fact exist.  We affirm the
judgment of the trial court. 








Background

This is a land dispute concerning four unconstructed
streets located in the Sunilanding Subdivision. 
The Sunilanding Subdivision was initially platted as the Enchanted
Harbor Subdivision.  On September 13,
1971, Enchanted Harbor, Inc. filed a plat with the County that included the
streets in question.  The plat contained
an express dedication of Athe use of the roads, streets, waterways, and
passageways to the public forever.@[1]  The plat was
accepted by the Calhoun County Commissioner=s
Court; however, the streets were Anot accepted for county maintenance at this time.@  See Tex. Loc. Gov=t Code Ann. ' 232.002 (a) (Vernon 2005) (providing for approval
of plats by the commissioners court of the county in which the land is
located).    








In 1982, the Enchanted Harbor Subdivision was
purchased by Anita Koop on behalf of her company, Anita=s Resort Properties. 
Enchanted Harbor became part of the larger subdivision ASunilandings Phase I.@  On September 17, 1982, a revised plat for the
Sunilanding subdivision was submitted to the Calhoun County Commissioner=s Court.  This
plat also dedicated to public use Athe streets and drainage easements shown thereon
forever, for the purpose and consideration therein expressed.@  The plat was
approved with the provision that Athe streets are not being accepted for county
maintenance until they are constructed in accordance with the County
regulations.@  Although
several of the subdivision=s streets were constructed in accordance with county
regulations, and these streets were accepted for county maintenance, a portion
of Dolphin Drive, Kingfish Landing, Bluefish Landing, and Tarpon Landing remain
unconstructed.  On September 15, 1989,
Koop sold the property, including the streets at issue, to a new owner, who
eventually declared bankruptcy.  On or
about January 17, 2001, Koop repurchased the properties at a sheriff=s sale, and on March 19, 2001, Koop sold the
property to appellants.[2]  In the Spring of 2002, appellants began
placing obstructions along portions of the streets in question.  Appellants were informed by the Calhoun
County Sheriff=s department to Acease
and desist@ from obstructing these streets because they are
public right-of-ways.  Appellants contend
that they are the sole owners of these streets and that they are not public
roads.  








On April 12, 2004, appellants sued the County
seeking a declaration that the streets at issue are not public roads, but
rather, are owned by them in fee simple, subject to no other ownership, uses,
easements, or dominant estates. 
Appellants also sought an injunction enjoining the County from declaring
or behaving as if the properties are public roads, and enjoining the County
from denying appellants the full use and benefit of the properties at
issue.  Appellants further sought damages
for slander of and/or cloud on title. 
The County counter-claimed for declaratory judgment seeking a
declaration that the streets in question were dedicated and accepted for public
use and have not been abandoned.           The County moved for summary judgment on
(1) traditional grounds contending that it was entitled to judgment as a matter
of law because there had been an express dedication and acceptance of the
streets, and (2) no-evidence grounds contending that there was no evidence
supporting the necessary elements for appellants=
claims for injunctive relief and slander/cloud on title.[3]  The trial court granted summary judgment on
both grounds and declared, as a matter of law, that the right of ways that
formed the basis of the dispute were dedicated and accepted for public use.  This appeal ensued.[4]    

Standard of Review








We review the grant of a traditional motion for
summary judgment de novo.  See
Natividad v. Alexsis, Inc., 875 S.W.2d 695, 699 (Tex. 1994); Tex.
Commerce Bank‑Rio Grande Valley v. Correa, 28 S.W.3d 723, 726 (Tex.
App.BCorpus Christi 2000, pet. denied).  To prevail on a traditional motion for
summary judgment the movant must conclusively establish, by proper summary
judgment evidence, all essential elements of the claim.  MMP, Ltd. v. Jones, 710 S.W.2d 59, 60
(Tex. 1986). The movant has the burden of showing that there is no genuine
issue of material fact and that he is entitled to judgment as a matter of
law.  Tex.
R. Civ. P. 166a (c); Lear Siegler, Inc. v. Perez, 819 S.W.2d 470,
471 (Tex. 1991).  The nonmovant has no burden
to respond to a traditional motion for summary judgment unless the movant
conclusively establishes its cause of action or defense.  M.D. Anderson Hosp. & Tumor Inst. v.
Willrich, 28 S.W.3d 22, 23 (Tex. 2000). 
However, if the movant has established a right to judgment as a matter
of law, the non‑movant has the burden to respond by presenting to the
trial court any issues that would preclude summary judgment.  City of Houston v. Clear Creek Basin Auth.,
589 S.W.2d 671, 678 (Tex. 1979).  In
deciding whether there is a genuine issue of material fact, all evidence
favorable to the nonmovant will be taken as true, and all reasonable inferences
made, and all doubts resolved, in the nonmovant's favor.  Am. Tobacco Co. v. Grinnell, 951
S.W.2d 420, 425 (Tex. 1997).                                                                          

Analysis

 

In their sole issue, appellants contend the trial
court erred in granting appellee's traditional motion for summary
judgment.  Appellants contend they
submitted sufficient evidence to raise an issue of material fact as to whether
the County ever accepted the dedication of the streets.  

There are two types of dedications, express and
implied.  Viscardi v. Pajestka,
576 S.W.2d 16, 19 (Tex. 1978).  AGenerally, an express dedication is accomplished by
deed or written document.@  Gutierrez
v. County of Zapata, 951 S.W.2d 831, 837 (Tex. App.BSan Antonio 1997, no writ).  Implied dedication, however, requires a clear
intention on the landowner's behalf to appropriate the land to the public's
use, along with an acceptance by the public or local authorities.  Id. at 838; City of Corpus Christi
v. McCarver, 289 S.W.2d 420, 421 (Tex. Civ. App.BSan Antonio 1956, writ ref'd n.r.e.).  In the present case, the parties agree that
both the 1971 and 1982 plats contained express dedications.[5]    








There are four distinct elements to establish a
successful dedication, whether express or implied: (1) the person who makes the
dedication must have the ability to do so, i.e., the landowner must have
fee simple title before he can dedicate his property; (2) there must be a
public purpose served by the dedication; (3) the person must make either an
express or implied offer; and (4) there must be an acceptance of that
offer.  See Moody v. White, 593
S.W.2d 372, 378 (Tex. Civ. App.BCorpus Christi 1979, no writ); see also Dinwiddie
v. Am. Trading and Prod. Corp., 373 S.W.2d 867, 869 (Tex. Civ. App.B El Paso 1963, no writ).  The fourth element is at issue in this
case.  Therefore, our analysis focuses on
whether the County=s summary judgment evidence established that there
was no issue of material fact concerning whether the streets in question were,
actually, accepted.  See Aransas
County v. Reif, 532 S.W.2d 131, 134 (Tex. Civ. App.BCorpus Christi 1975, writ ref'd n.r.e.).

Dedication is a mere offer and the filing of a plat
containing the dedication does not constitute an acceptance of the
dedication.  See Langford v. Kraft,
498 S.W.2d 42, 49 (Tex. Civ. App.BBeaumont 1973, writ ref'd n.r.e.).  Acceptance does not require a formal or
express act; implied acceptance is sufficient. 
See  Viscardi v. Pajestka, 576
S.W.2d 16, 19 (Tex. 1978); Moody, 593 S.W.3d at 379.  It does not matter whether a county expressly
accepts an offer of dedication, or the public accepts the dedication on the
county's behalf.  See Stein v.
Killough, 53 S.W.3d 36, 42 n.2 (Tex. App.BSan
Antonio 2001, no pet.).  One method of
acceptance is through use by the public or local authorities.  Id. 
The use need not be for any specific length of time.  Id.  A short period of use generally is sufficient,
as long as the use continues for such a period that it may be inferred that the
public desires to accept in perpetuity the offer of use.  Id. (citing Schwertner v. Jones,
456 S.W.2d 956, 958 (Tex. Civ. App.BAustin 1970, no writ)). 








In support of its contention that there was an
acceptance of the dedication, the County attached copies of the 1971 and 1982
plats containing the dedications, copies of the corresponding Calhoun County
Commissioner Court=s Minutes, and the affidavits of R.L. Bolleter and
County Commissioner H. Floyd.  The County
contends its evidence establishes that the dedications were accepted with the
qualification that the streets would not be maintained until they were
constructed in accordance with County regulations.  The Commissioner Court=s minutes reflect that the County accepted the
streets with the only condition being that it would not perform maintenance on
the streets until the subdivision was developed and the streets were
constructed.[6]   

 The affidavit
of Commissioner Floyd further proves the County=s
intent to accept the roads.  Floyd
states:

It is the common practice of the Commissioner=s Court to accept the right of ways for public use,
based upon the scope of their authority, but not for maintenance if there have
been no roads constructed upon the right of ways at the time of the dedication
and acceptance.  It is impracticable and
impossible for the County to accept these rights of ways for maintenance, when
there have been no roads constructed on them at the time of acceptance,
especially if the roads may not be constructed for a period of time.   

 

We conclude that the County adduced sufficient
evidence on the contested element of acceptance to demonstrate its entitlement
to summary judgment.  See Tex. R. Civ. P. 166a (c); Lear
Siegler, Inc., 819 S.W.2d at 471. 
Thus, the burden shifted to appellants to come forth with evidence
demonstrating that a genuine issue of material fact exists on the question of
acceptance.  Clear Creek Basin Auth.,
589 S.W.2d at 678. 








In their response to the County=s motion for summary judgment, appellants rely on
the 1971 and 1982 Commissioner Court=s minutes and the County=s answer to interrogatories in support of their
contention that because the County has not accepted the streets for maintenance
and has never maintained them, the County has not accepted the
dedications.  Appellants= reasoning is not persuasive and we conclude that
their evidence is insufficient to raise an issue of material fact.  

Appellants cite to the government code and
transportation code in support of their contention; however, this authority only
demonstrates that a commissioner=s court is entitled to accept or deny a dedication
on behalf of a county and that counties are charged with the obligation to
maintain county roads according to county regulations.  See Tex.
Loc. Gov=t Code Ann. ' 232.002(a) (Vernon 2005); Tex. Transp. Code Ann. ' 251.008 (Vernon 1999).  However, appellants have failed to provide us
with authority establishing that a County=s failure or refusal to maintain roads that have yet
to be constructed amounts to non-acceptance. 









We first note that while a county=s failure to maintain roads may have political, or
even legal, consequences, it does not cause the road to cease to be public,
even if the roads were never constructed as required by county
regulations.  Cf.  Hays County v. Alexander, 640 S.W.2d
73, 78-79 (Tex. App.BAustin 1982, no writ) (stating that while county=s failure to maintain road to requisite standard may
have political, or even legal, consequences, road does not cease to be of class
to which it had been assigned by the commissioner=s
court, even if the road was never put in the physical condition mandated for
its class).  We are unpersuaded that
simply because the County has not maintained the roads, the County did not
accept the dedications.  This Court has
stated that Amere delay in the exercise of the use for which
property was dedicated does not amount to abandonment of the use.@  See Town
of Palm Valley v. Johnson, 17 S.W.3d 281, 288 (Tex. App.BCorpus Christi 2000, pet. denied).  This Court finds it appropriate to expand our
reasoning in Palm Valley to the facts in this case.  Thus, the County=s decision to delay maintenance until the roads are
constructed does not amount to non-acceptance. 
We further note that appellants= own summary judgment evidence, specifically the
interrogatories, actually demonstrates that the roads have been used by members
of the public who own property in the subdivision as well as members of the
public accessing the water treatment facility. 
See Stein, 53 S.W.3d at 42 (stating that one method of acceptance
is through use by the public).[7]  We hold that appellants failed to produce
evidence sufficient to raise a genuine issue of material fact as to
acceptance.  Accordingly, appellants= issue is overruled.[8]

The judgment of the trial court is affirmed. 

 

_______________________

DORI CONTRERAS GARZA,

Justice

 

Memorandum Opinion delivered and

filed this the 8th day of June, 2006.                                                           











[1] Dedication is an act of
appropriating private land to the public for any general or public use.  See Scott v. Cannon, 959 S.W.2d 712,
718 (Tex. App.BAustin 1998, writ denied). 





[2] Koop also sold a portion of the
Sunilandings Phase I property to John Leimain. 
Mr. Leimain is not a party to this suit.





[3] 
Because appellants= appeal focuses on the traditional
summary judgment concerning acceptance and dedication, we begin our review by
addressing whether summary judgment was proper under traditional grounds.  See Tex.
R. Civ. P. 166a(b),(c).    





[4] Appellants do not challenge the
trial court=s order granting of the County=s no-evidence motion for summary
judgment which relates to appellants= claims for injunctive relief and slander/cloud on
title.    





[5] Calhoun County has a population
under 50,000; therefore the County can only acquire an interest in the roads by
(1) purchase, (2) condemnation, (3) dedication, or (4) a court=s final judgment of adverse
possession.  See Tex. Transp. Code Ann. '' 281.001, 281.002 (Vernon
1999).  Dedication under chapter 281 must
be communicated in writing.  See Tex. Transp. Code Ann. ' 281.003 (Vernon 1999).  The legislature adopted the statute
abolishing the doctrine of implied dedication in counties with a population
under 50,000.  Id. '' 281.001, 281.002.  The statute applies prospectively, not
retrospectively; thus, it applies to the 1982 plat but not the 1971 plat.  See id. ' 281.001; Linder v. Hill,
673 S.W.2d 611, 615-16 (Tex. App.BSan Antonio 1984), aff=d, 691 S.W.2d 590 (Tex. 1985).  However, the distinction is of no consequence
because both plats contained express (written) dedications.    





[6] Acceptance of the streets with the
stipulation that the County would not maintain the streets until constructed is
also demonstrated by the Commissioner Court=s minutes which reflect that the County accepted for
maintenance streets that had already been completed. 





[7] This contention is supported by
the affidavit of R.L. Bolleter, who attested that he and a Mr. Morris and Dr.
Lorchirachoonkul use the roads in question to access their reserve (reserve AA@) in the Sunilandings
subdivision.  





[8] Appellants also contend that the
County is estopped to claim that the roads are public because the County took a
contrary position in a previous lawsuit. 
However, appellants have failed to provide a clear and concise argument
for the contention made and as such, presents nothing for review.  See Tex.
R. App. P. 38.1(h).